William E. VINSON, Ancillary Administrator of the Estate of Marvin Rexrode, Deceased, Appellant,

v.

Lillie V. REXRODE, Appellee.

No. 21669.

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 20, 1968.

Decided Oct. 30, 1968.

See also D.C.Cir., 404 F.2d 830.

Mr. William D. Donnelly, Washington, D. C., for appellant.

Mr. Mark P. Friedlander, Washington, D. C., with whom Messrs. Mark P. Friedlander, Jr., Blaine P. Friedlander, Washington, D. C., and Marshall H. Brooks, Arlington, Va., were on the brief, for appellee.

Before McGOWAN, TAMM and ROBINSON, Circuit Judges.

TAMM, Circuit Judge:

This case comes before us as an appeal from the trial judge's grant of appellee's (defendant below) motion for summary judgment. We feel that this motion presented a genuine issue of material fact. The trial court's ruling on that motion must therefore be reversed and the case remanded for a trial on the merits of appellant's claims.

Appellant, William E. Vinson, is the Ancillary Administrator of the Estate of Marvin E. Rexrode on letters of administration granted by the Probate Division of the United States District Court for the District of Columbia on January 22, 1960. On January 2, 1965, our ap-

19. Alaska Steamship Co. v. FMC, 399 F.2d 623, 9th Cir. (1968).

pellant filed his complaint in this case. The complaint alleged that under Section 826(c) of the Internal Revenue Code (1939 ed.), now 26 U.S.C. § 2206 (1964), appellee was liable to Mr. Rexrode's estate for a portion of the federal estate tax paid by the administrator. Appellant claimed that appellee was liable to the estate for the percentage of the estate tax which was paid for that part of the gross estate which consisted of the proceeds of insurance policies under which the appellee was the beneficiary and recipient. The portion of the tax which appellant claims appellee is liable for is $21,004.65. On January 21, 1965, appellee filed her answer below and alleged (1) that under a 1951 separation agreement she gained absolute ownership of the insurance policies and thus they never became part of the estate of Mr. Rexrode and (2) the affirmative defense of statute of limitations precluded appellant's recovery. Approximately thirty-three months later (October 12, 1967) appellee filed a motion for summary judgment based solely upon the affirmative defense of release. This defense, however, was not mentioned in appellee's answer. It is from the grant of this motion for summary judgment that appellant now seeks relief.

 It is settled law, of course, that when a district court inspects a motion for summary judgment it must view the motion in the light most favorable to the party opposing the motion. United States v. Diebold, Inc., 369 U.S. 654, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962); Underwater Storage, Inc. v. United States Rubber Co., 125 U.S.App.D.C. 297, 371 F.2d 950 (1966), cert. denied 386 U.S. 911, 87 S.Ct. 859, 17 L.Ed.2d 784 (1967). A careful examination of the release document relied upon, in a light most favorable to appellant, reveals a genuine issue of material fact as to whether it was the intention of the parties to discharge or release Mrs. Rexrode from liability for the share of the federal estate tax which appellant now claims she still owes. Upon remand the District Court should give careful scrutiny to the effect and purpose of the stipulation attached to the release (J.A. 6–7). Since it is essential that this court be provided with a full and complete record in any case or controversy, we cannot now decide the merits of appellant's claims. We do, however, note our concern over the failure of appellee to plead the defense of release in her answer (see, e. g., Grota v. LaBoccetta, 425 Pa. 620, 230 A.2d 206 (1967)), but since this case is before us only upon a motion for summary judgment we express no opinion as to this allegation or any of appellant's other allegations of error.

We find therefore that this case must be remanded for a trial on the merits.

Reversed and remanded.