**Lillie V. REXRODE, Appellant,**

**v.**

**William E. VINSON, Ancillary Administrator of the Estate of Marvin Rexrode, Deceased, Appellee.**

**No. 21637.**

United States Court of Appeals
District of Columbia Circuit.

Argued Sept. 20, 1968.

Decided Oct. 30, 1968.

Mr. Mark P. Friedlander, Washington, D. C., with whom Messrs. Mark P. Friedlander, Jr., Blaine P. Friedlander, Washington, D. C., Harry P. Friedlander and Marshall H. Brooks, Arlington, Va., were on the brief, for appellant.

Mr. William D. Donnelly, Washington, D. C., for appellee.

Before McGowan, Tamm and Robinson, Circuit Judges.

TAMM, Circuit Judge:

This case comes before us as an appeal from the trial judge's grant of appellee's (defendant below) motion for summary judgment. In a companion case also decided today, Vinson v. Rexrode, 131 U.S.App.D.C., ——, 404 F.2d 829, No. 21,669, we reversed the grant of a motion for summary judgment because there clearly existed an unresolved issue of material fact, at least concerning the question of release. Here, we find that no such issue exists.

 Appellant and Marvin Rexrode were married in 1914. In 1951 they entered into a separation agreement which required Marvin Rexrode to make a will leaving one-third of his net estate to appellant. Later in 1951 appellant obtained an absolute divorce from Mr. Rexrode. Subsequently, Mr. Rexrode remarried and one child was born of this marriage. In 1953 Mr. Rexrode died and left only a writing in the nature of a will which was not provable as a will because of his remarriage and the birth of at least one child by that marriage. In 1957 four cases involving appellant were pending in the District Court when she, in open court and with advice of counsel, executed a general release which states in pertinent part: (J.A. 17–18)

> I, Lillie V. Rexrode * * * hereby remise, release and forever discharge * * * Alfred W. Trueax, as Administrator of the Estate of Marvin Rexrode * * * from all * * * suits, debts, dues, sums of money, * * * contracts, * * * agreements, * * that against the said Alfred W. Trueax * * * I, the said Lillie V. Rexrode, ever had, now have * * * from * * * the beginning of the world up to, and including, the date of this release.

We feel that the above release clearly covers the claim in this case. A release, as a settlement instrument, is not contra to public policy and must be given effect according to its terms. Saslaw v. Rosenfeld, 148 A.2d 311 (D.C.Mun.App. 1959); Randolph v. Ottenstein, 122 U. S.App.D.C 414, 355 F.2d 839 (1965). It is important to note that in this action there is no stipulation attached to the release purporting to exempt certain claims as there was in the companion case (No. 21,669). We do not reach consideration of any other allegations but we do note in passing that this suit, based upon a contract to make a will, was filed in our District Court a full thirteen years after Mr. Rexrode's death.

We find therefore that the order of the District Court granting appellee's motion for summary judgment is affirmed.

Affirmed.