## Grota *v.* LaBoccetta, Appellant.

Argued April 24, 1967.   Before BELL, C. J., MUS-
MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

reargument refused June 27,
1967.

*Francis E. Shields,* for appellants.

*Harry Lore,* with him *Dorfman, Pechner, Sacks &
Dorfman,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, May 25, 1967:
On December 20, 1958, Domingos Grota, a police
officer, was arresting a malefactor who, in a spirit of
fighting not provided for in the Queensberry Rules of
pugilism, sank his teeth into the hand of the arresting
officer.   The virulence of the attack was such that
Grota had to be taken to the hospital (Philadelphia
General Hospital) where he was examined and treated
by Dr. Douglas Enoch, at that time either an intern
or resident physician.   Two days later he was again
examined and treated in the same receiving ward by
Dr. Kenneth Ender, also an intern or resident physi-
cian.   Later he was taken to the special ward of the

hospital where he was treated by Dr. Frank J. Bott, another intern or resident physician. Still later, he was examined and treated at the City Employees' Compensation Clinic, a department of the Philadelphia General Hospital.

After a period of time, Grota's wound advanced into a septic state which called for amputation of the hand. This was done, leaving him not only minus a hand but with atrophy of the muscles of his left forearm.

He brought a suit in trespass against Doctors Enoch, Ender and Bott, who had treated him. He also included in his action, as defendants Doctors A. Charles LaBoccetta, Leon Weiner, Chalmers Loughridge and Alvan Kaplan on the proposition that they were in charge of and responsible for the receiving ward of the hospital where Doctors Enoch, Ender and Bott were acting as their servants, agents and employees. He further joined Dr. Albert A. Bockman as a defendant on the theory that the City Employees' Compensation Clinic was under his control and that, therefore, he was responsible for the actions of those employed in the clinic.

Service of the complaint could not be made on Dr. Enoch in Pennsylvania since he had moved to Minnesota. The plaintiff thus entered a separate suit against him in the United States District Court for the District of Minnesota, 4th Division. Dr. Enoch and the plaintiff entered into a settlement agreement of the Minnesota action.

The defendants LaBoccetta, Bott, Weiner, Kaplan and Bockman (upon whom service had been made in the State) now petitioned the Court of Common Pleas of Philadelphia County for leave to amend the answers previously filed by them (in which they had denied agency) so as to plead, in additional defense, the settlement agreement between Grota and Enoch, the

petitioners contending that "the agreement constitutes a valid release to all of the alleged joint tortfeasors and is a full and complete bar to the plaintiff's claim." A copy of the settlement agreement was attached to the petition.

The court refused to construe the agreement in question as a release, finding that it constituted an agreement limiting liability only between the parties immediately involved in the agreement, and, accordingly, disallowed the amendment. The defendant-petitioners appealed.

Apart from the questions raised in the pleadings, the plaintiff submits that the appeal is out of order and should be quashed on the basis that the order to which objection was made was merely interlocutory. We cannot accept this argument. The defense sought to be injected by the amendment was an affirmative one and thus had to be pleaded, on the risk otherwise that it might be deemed to have been waived. Therefore, when the court held that the amendment was not pleadable, the petitioners were, on that feature of the case, put out of court. From this it inevitably followed that the order below became final and appealable. In *Posternack v. American Casualty Co.*, 421 Pa. 21, we stated that where the new proposed defense is affirmative in character, and thus must be pleaded or be deemed to have been waived, the order of the court denying the pleading precludes proof of such defense at the time of trial and, accordingly, as to that defense the order "puts the defendant out of court."

Proceeding to the substantive issues raised by the appellants, the logic of the situation leads inevitably to the conclusion that the settlement agreement could not be properly pleaded as a release. Let us look at the agreement: "Now therefore, it is agreed that upon the final disposition of the claims now pending between Grota and the defendants in the above described ac-

tions, exclusive of Enoch, Enoch will pay to Grota the sum of Five Thousand Dollars ($5,000) in full settlement and satisfaction of all claims of every kind against Enoch, such settlement to be evidenced by execution and delivery of the enclosed form of release to Enoch together with a dismissal with prejudice and without costs in all three of the above described actions. This settlement constitutes a present binding agreement between these parties as above set forth being merely postponed until the disposition of the above described actions between Grota and defendants not involved in this settlement. Further, it is mutually agreed that the provisions of the Uniform Contribution Among Joint Tortfeasors Act is hereby waived."

It is to be noted that this agreement is, in fact, a binding one. It states that upon payment of $5,000 to him, Grota agrees to execute a release to Enoch and to accept that sum in full settlement and satisfaction of all claims against Enoch. However, it is an agreement wherein Enoch commits himself to pay in the *future* and Enoch agrees to release in the *future*. The agreement, therfore, is only executory and cannot have the effect that a fully executed and completed release, upon receipt of payment, would have under the circumstances. It could well be that Grota may never receive the promised payment, even though the promise is binding, because of intervening circumstances, such, for instance, as the promisor's insolvency, etc.

Since we find that the petition to amend was properly denied, it is unnecessary to determine whether the defendant-petitioners were guilty of laches in petitioning for the amendment.

Order affirmed.

Mr. Justice JONES concurs in the result.

Mr. Justice COHEN took no part in the consideration or decision of this case.

CONCURRING AND DISSENTING OPINION BY MR. JUS-TICE ROBERTS:

I agree that the order appealed from is not interlocutory. *Posternack v. American Casualty Company of Reading*, 421 Pa. 21, 218 A. 2d 350 (1966).

However, I also believe *Posternack* indicates that the court below abused its discretion in denying appellants leave to amend. In their petition requesting leave to amend, appellants averred that they believed the written settlement agreement constituted a valid release in favor of all the alleged joint tortfeasors and was a complete bar to plaintiff's claim. The court's action denied appellants an opportunity to establish the relevancy of the agreement to the pending lawsuit.

Both the majority and the court below have concluded that the parties did not intend the settlement agreement to operate as a release. In my view this question is not so clear that it can, in the posture of the present record, be decided as a matter of law. Certainly at this juncture it is not incumbent upon appellants to prove the agreement does constitute a release nor should they be denied the opportunity of establishing its relevancy, if any. Here, as in *Posternack*, "the facts need enlargement on this facet of the case, and the only manner in which this can be accomplished is to permit the amendment." 421 Pa. at 25, 218 A. 2d at 352; see generally id. at 24-26, 218 A. 2d at 351-52.

Mr. Chief Justice BELL and Mr. Justice EAGEN join in this concurring and dissenting opinion.