## Citizens National Bank of Decatur
## v. Clark

*Richard J. Habgood*, for plaintiff.
*Edward I. Dobin*, for defendant.

BECKERT, J., May 3, 1972.—On April 21, 1969, the Citizens National Bank of Decatur (bank), entered a judgment in the Court of Common Pleas of this county against W. Gregory Clark (Clark) in the amount of $130,614.19. Judgment was entered pursuant to the Uniform Enforcement of Foreign Judgments Act of December 22, 1965, P. L. 1157, 12 PS §921, and was based upon a judgment entered by confession in the State of Illinois, County of Macon, civil action no. 69-L-205. Clark, on May 5, 1969, filed a petition to open judgment and bank filed an answer thereto.

Depositions of Clark and of one Wilman E. Davis, President of Honegger Farms Co., Inc., Decatur, Ill. (which company Clark alleges is obligated to repay the amount of the note upon which judgment was originally entered in Illinois), were taken in this county on August 6, 1969, and June 4, 1970, respectively.

On January 29, 1971, the bank filed interrogatories to be propounded to William Barnes, 3rd, president of the bank, before an atttorney in Illinois. Clark filed objections to the interrogatories and the bank filed an answer thereto. Argument was held before the undersigned pursuant to our local Rule 266.

Questions raised for decision are as follows: (1) Whether it is proper in a Pennsylvania action for the bank to take depositions by written interrogatories propounded to its president in Illinois; (2) whether such interrogatories may be answered by bank's president before an Illinois attorney and, more specifically, before an attorney who is the bank's own general counsel; (3) whether questions 11 through 17 of the bank's proposed interrogatories are proper; and (4) whether bank should be required to pay reasonable expenses and attorney's fees for Clark's counsel to attend oral deposition of bank's president in Decatur, Ill.

The substitution of written interrogatories for oral depositions is a matter within our discretion and the choice between oral and written depositions is dependent upon a wide variety of circumstances, each case being determined under its own particular facts: Basom v. Rosser et al., 3 D. & C. 2d 631 (1955). To a great extent, whether oral depositions or written interrogatories will be permitted depends upon the complexity of the factual situation. The more complex and technical the subject matter, the less adequate would written interrogatories be in ascertaining the facts: Kulbacki v. Seybold et al., 4 D. & C. 2d 330 (1955); Knappenberger v. Feldman, 6 D. & C. 2d 728 (1956).

Pennsylvania Rule of Civil Procedure 4003 allows a deposition for use at trial in open court to be taken of any witness who is outside of the Commonwealth, either by written interrogatories or by oral examination. The word "witness" as used in that rule encompasses a party to the action and the procedure in taking the deposition of a witness or a party is the same.

The prime rule for consideration on the question of whether written interrogatories should be allowed is Pennsylvania Rule of Civil Procedure 4011, which provides that "no discovery or inspection shall be permitted which . . . (b) causes unreasonable annoyance, embarrassment, expense or oppression to the deponent or any person or party." Generally, since the discovery rules are procedural rather than substantive, they are to be liberally construed so as to give effect to the intendment that they shall operate as instruments designed to secure "a better grade of justice" in the Commonwealth: Brauner v. Mutual Life Insurance Co. of N.Y., 4 D. & C. 2d 106 (1954). As long as bank's choice of discovery devices results in no undue hardship to parties or witnesses and the nature of the issues

involved is such that written questions and answers would be adequate, there seems to be no justification for our intervention, and a party should have a free rein to choose between written interrogatories and oral depositions. It should be further noted that nothing seems to preclude a change of horses in midstream, as here, where two witnesses have been orally deposed and it is now proposed to question a third witness by written interrogatories.

Clark has presented no evidence sufficient to show that he would be subjected to any unreasonable annoyance, expense or inconvenience if we were to allow the bank to proceed by written interrogatories or that written answers would not be adequate. We feel that ample opportunity for crossexamination is provided by Pa. R. C. P. 4004, which allows filing of cross interrogatories and by Pa. R. C. P. 4005(c), which states that "The number of interrogatories or of sets of interrogatories to be filed and served is not limited except as justice requires to protect the party from unreasonable annoyance, expense, embarrassment or oppression."

A holding on our part requiring a witness to submit to oral depositions in either this jurisdiction or in Illinois would result in unreasonable expense and oppression to that witness when the same purpose can obviously be accomplished at much less cost and with no unfairness by allowing the bank's written interrogatories to be propounded in Illinois. Further, if we would accede to Clark's request to have the bank's president orally deposed in Illinois, we would not grant Clark's further request for payment of reasonable expenses and counsel fees in attending oral depositions, in that State. See Grota v. LaBoccetta, 41 D. & C. 2d 688, affirmed 425 Pa. 620 (1967). Thus, if oral depositions were directed, additional costs would accrue to Clark

as a result of such a direction. We hold, therefore, that the bank's written interrogatories of its officer in Illinois are proper and that oral depositions, either in Illinois or in Pennsylvania, are not required. It follows that Clark is not entitled to payment of any counsel fees by the bank since Pa. R. C. P. 4008 provides for payment of "reasonable expenses including attorney's fees" only where a deposition is taken by oral examination.

On the further question of whether depositions by a written interrogatory may properly be taken in front of an attorney who is general counsel for one of the parties, we feel that there is no ambiguity whatsoever in Pa. R. C. P. 4015(c) which unmistakably precludes depositions before a person who is an attorney or employe of any of the parties. As to the choice of a particular individual to take depositions which bank proposes should be made by this court, we feel that such a task belongs to the party pursuing the discovery proceeding and that it is our function only to review the propriety of that choice after the fact, if we are called upon to do so.

Finally, we have been requested to rule on the allowance of bank's interrogatories 11 through 17. Clark's motion for a protective order states that those questions generally are leading and redundant. Pa. R. C. P. 4007(a) provides, in part: "Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case." Since Clark has not raised any question related to more specific limitations imposed by rule 4011, we are, therefore, bound only to scrutinize the designated interrogatories on the basis of relevancy and "substantial aid."

It must be remembered that we are here dealing with discovery proceedings arising out of a petition and rule to open judgment and answer filed thereto. We would, in keeping with the holdings of Mackarus Estate, 431 Pa. 585 (1968), be most reluctant to allow bank to proceed by written interrogatories if it was the intent to use the answers to the interrogatories at the trial of the case, for proof by depositions or by answers to written interrogatories curtails the right to confrontation and crossexamination. Likewise, we believe that at this stage of the proceedings strict evidentiary considerations are not as important as is the need to clarify the issues, and, therefore, this can best be done by allowing the parties relatively broad powers of inquiry. Since Clark in his petition to open judgment brought to our attention the allegation that he was under no obligation to repay any of the amount due on the loan in question and that Honegger Farms Co., Inc., is the proper obligor from whom payment should be obtained, we cannot understand how he now expects to stifle what appears to be relevant inquiry into the facts underlying those allegations.

Accordingly, we allow questions 11 through 17, inclusive, subject to the limitation that they should be answered by proponent only if he were personally present at the time of execution of the written agreement and if the matters being inquired into are within his personal first-hand knowledge.

In accordance with what has heretofore been stated, we enter the following

## ORDER

And now, May 3, 1972, defendant W. Gregory Clark's objection to depositions by written interrogatories, motion for protective order and motion for reasonable expenses are hereby denied, refused and dismissed.