## Halula v. Sigler

*Bernard Goldstone,* for plaintiff.

*George H. Rowley* and *James A. Stranahan,* for defendants.

ACKER, J., August 24, 1972.—This court has been asked to enter an order against plaintiff to require him to pay transportation costs and expenses to defense counsel traveling from Mercer County, Pa., to Largo, Fla., for two days of depositions of two attending physicians in that area.

The accident involves a double rear-end collision with both defendants being insured by the same carrier. It would appear that there is a case of liability as to either or both of defendants. Permission has been granted by an order of August 23, 1972, pursuant to Pennsylvania Rule of Civil Procedure 4003(a)(2), to take the depositions on Wednesday, September 13, 1972, in Largo, Fla.

Pennsylvania Rule of Civil Procedure 4008 provides:

"If a deposition is to be taken by oral examination more than one hundred miles from the courthouse, the court, upon motion, may make an order requiring the payment of reasonable expenses including attorney's fees as the court shall deem proper."

By the language of the rule, its application is, therefore, left to the reasonable discretion of the court. Costs which might be ordered to be paid by plaintiff are not recoverable against either of defendants regardless of the outcome. Therefore, the expenses would be forthcoming from plaintiff if he would desire to proceed with the action. It was represented that plaintiff has been incapacitated as a result of this accident for two and one-half years and

has but recently qualified for Social Security for medical reasons as a result of this accident. The effect of the proposed order, therefore, would be to cause a serious financial strain upon plaintiff or to make it impossible for him to go forward with the action and, in effect, to reduce whatever verdict he might obtain by the expenses he was required by the order to incur in order to prove his case. Such a result, in this court's opinion, is inequitable and unconscionable.

This same type of application was presented to this court in Sharell v. Kane, 42 D. & C. 2d 779 (1967), where, through McKay, P. J., such application was denied. The basis there used was at page 780:

"It is our opinion that the distance from Mercer County to the State of New Hampshire is too great to warrant us making an order requiring plaintiffs to bear the fee and expense of defendant's local counsel traveling so great a distance in order to crossexamine the medical witness."

We concur with that view. Although the insurance company's counsel reported to the court that his company has no regular counsel in the county and State of Florida here involved, there has been no showing that competent counsel could not be obtained for this case. Counsel is merely required to protect the interest of the company and defendants by adequate crossexamination of the doctors. This is not a unique or unusual assignment. Counsel for defendants suggest, however, that the insurance company should have the right to have counsel from Mercer County who, having intimate knowledge of the case, would be available for its examination in Florida. We cannot disagree and feel certain that it is preferable in the average case to have the attorney who has lived with the case to be present. That, however, is not the issue. What must be determined is, who is going to pay for that

representation.* Because of the failure of defendants to establish to the satisfaction of this court that it is necessary to have Mercer County counsel present at the time of the deposition because the taking of the depositions of the attending physicians in Florida is a necessary part of the proof of plaintiff's case; and because it would be unjust and inequitable to require a plaintiff, on medical disability through Social Security as a result of this accident, to pay for such expenses, the relief requested by defendants is denied in its entirety.

## ORDER

And now, August 24, 1972, the oral motions of defendants through their attorneys as presented in open court requesting expenses for transportation, motel room, car rental, attorney's fees and incidental expenses to travel to Largo, Fla., on or about September 13, 1972, and return is denied.

* The conclusion arrived at in this case, Grota v. LaBoccetta, 41 D. & C. 2d 688 (1967), affirmed 425 Pa. 620, 230 A. 2d 206 (1967). In Davis v. Pennzoil, 38 D. & C. 2d 289 (1965), Allegheny County, Aldisert, J., it was held that defendant could be required to pay the transportation of plaintiff from Toronto, Canada, to Allegheny County if depositions were requested by defendant of that plaintiff. We have not subscribed to this last position in previous orders of this court but cite this case to demonstrate the lengths to which common pleas courts in this Commonwealth have come to prevent undue financial burden to a suing plaintiff.