419 A.2d 1299

JERRY PITELL CO., INC.

v.

PENN STATE CONSTRUCTION, INC., Appellant,

v.

John J. ALBARANO, Appellant.

Superior Court of Pennsylvania.

Submitted March 20, 1979.

Filed May 9, 1980.

Ambrose R. Campana, Williamsport, for appellants.

Maurice A. Nernberg, Jr., Pittsburgh, for appellee.

Before CERCONE, President Judge, and WATKINS and HOFFMAN, JJ.

CERCONE, President Judge:

Appellants, Penn State Construction, Inc. and John J. Albarano, take this appeal from the lower court's imposition of sanctions against appellants for failing to answer interrogatories sent them by appellee, Jerry Pitell Company, Inc. The lower court ruled that many of the objections raised by appellants to particular interrogatories were not made in good faith, and for this reason the court imposed sanctions, under Pa.R.C.P. 4019(a),[1] ruling that appellants are jointly and severally liable for paying the counsel fees and costs incurred by appellee incident to appellee's motion for sanctions.[2] Appellants argue, *inter alia*, that the court abused its discretion in so ruling. We agree with appellants and we reverse.

Appellee initiated this case as a garnishment action against John J. Albarano, appellant, and Rita A. Albarano, his wife. Mrs. Albarano is not a party in this appeal. The judgment debtor in this matter was Penn State Construc-

1. Rule 4019 sets forth the parameters for sanctions in civil cases. At the time that the lower court imposed sanctions, Rule 4019 read in relevant part:
 "(a) The court may, on motion, make an appropriate order if
 (1) a party wilfully fails to file answers or sufficient answers to written interrogatories served under Rule 4005;"
 Rule 4019 has since been amended and sanctions in the form of attorney's fees is covered with particularity in Pa.R.C.P. 4019(h).

2. Appellee asked the court for $468.39 in counsel fees. The court approved the amount and adopted it in its order. Whereupon, appellee praeciped to have this order reduced to judgment. In view of the fact that this order of the lower court was reduced to judgment, we find this to be an appealable order.

tion, Inc. of which John Albarano was the president and sole shareholder. Appellee first served interrogatories on August 24, 1976 on John and Rita Albarano, both of whom prepared answers and mailed them to appellee's attorney. Although at a later hearing appellee's attorney admitted receiving these answers, on September 20, 1976, appellee praeciped for default judgment against the Albaranos for failure to file an answer.[3] The Albaranos filed a petition to open and/or strike the default judgment, and the lower court signed an order setting up a hearing and staying all proceedings. Despite the stay order, appellee nevertheless praeciped for a writ of execution against the Albaranos. In response, the Albaranos filed a petition to stay the writ and asked the lower court to punish appellee's attorney for contempt of the order of stay. A hearing was held concerning the Albaranos' petition, and this hearing ended with an order by the trial court directing appellee to file "written interrogatories upon the garnishees with respect to the garnishees' petition to open and/or strike judgment." Thereupon, appellee filed interrogatories directed to both the Albaranos, garnishees, and Penn State Construction, debtor. These interrogatories consisted of fifty–four legal size pages containing eighty–four main questions and one hundred and ninety–four sub–questions.[4] Only interrogatory number one, sub–parts "a" through "d" were addressed to garnishee; all of the remaining questions were directed to the debtor Penn State Construction. The Albaranos objected to the interrogatories on the grounds that they were not in keeping with the lower court's order directing that interrogatories be served "upon the garnishees," since no mention was made of the debtor in the order. The court struck the judgment as to Rita Albarano, but directed John Albarano [hereinafter Albarano] to answer the interrogatories applica-

3. Apparently, appellee's attorney either mislaid the answers or overlooked them.

4. It should be noted that some trial courts would not permit such lengthy interrogatories, i. e., over fifty questions, unless the court has previously given leave to file a longer interrogatory. See *Stitt v. Murray*, 73 Pa.D & C 2d 496 (1975); *Sejpner v. Molinda*, 51 Pa.D & C 2d 491 (1970).

ble to him. Albarano therefore answered only question number one in full and answered the remaining interrogatories with a rubber stamp that said, "This interrogatory does not relate to the garnishee and hence no answer is required."

Appellee thereafter asked the court to impose sanctions on appellants, Albarano and Penn State Construction, for failing to answer, but the court instead entered an order directing Penn State Construction to answer the remaining questions. Thereafter, Penn State Construction entered its appearance and asked that it not be required to answer the interrogatories as they were never served with them, as required by Pa.R.C.P. 4005(a). Although the lower court acknowledged that Penn State Construction was technically correct in its objection, it noted that Albarano was the president of the construction company and the court refused to withdraw its order. In keeping with the court's ruling, Penn State Construction answered the vast majority of appellee's voluminous interrogatories, however, it did make objections to a number of the interrogatories. Specifically, Penn State Construction objected to twenty–eight of the two hundred seventy–two main questions and sub–questions which it was required to answer. Appellee again asked the court to impose sanctions on appellants for failing to answer, whereupon the court considered Penn's objections and ruled that three of the objections were well taken, eighteen of the remaining objections were made in good faith, though not sustained, but that seven of the objections were not made in good faith.[5] Consequently, the court imposed sanctions for failure to answer the questions in good faith and this order was reduced to judgment. Appellants now appeal from that judgment.

■ As a general rule, although sanctions under Rule 4019 lie largely within the discretion of the court, sanctions should not be imposed absent willful disregard or disobedience of an order of court or an obligation expressly stated in the rules. *Pompa v. Hojancki*, 445 Pa. 42, 281 A.2d 886

---

5. The objections, according to the opinion of the lower court, all basically said that the interrogatory in question did not relate to the discovery of the assets of Penn State Construction.

(1971); *Lapp v. Titus*, 224 Pa.Super. 150, 302 A.2d 366 (1973). Accordingly, it has been held that interrogatories to which objections are timely filed need not be answered until the objections have been disposed of, and sanctions for failure to answer are not in order. *Beloyan v. Collins*, 64 Pa.D & C 2d 265 (1973).

In the instant case, the objections which are at issue were the first which Penn State Construction made to the substance of the interrogatories themselves. Pa.R.C.P. 4005(b) at that time [6] provided that a party may file and serve written objections to interrogatories within ten days after service of interrogatories, and further provided that "[a]nswers to interrogatories to which objections are made shall be deferred until the objections are decided." Penn State Construction made its objections to particular questions and, according to the Rules of Civil Procedure, it did not have to answer those interrogatories until the court ruled on these objections. Therefore, we do not find this to be a proper case for the imposition of sanctions, and we find that the lower court abused its discretion for so doing. Accordingly, we reverse the imposition of sanctions.

Reversed, and sanctions removed.

---

**6.** The subject matter governed by former Rule 4005(b) has now been transferred to Rule 4006(a).