526 A.2d 781

**Honorable Joseph C. BRUNO, Appellee,**

v.

**Nathan M. ELITZKY and Judy Elitzky, his wife, Appellants.**

Supreme Court of Pennsylvania.

Argued Jan. 28, 1987.

Decided June 9, 1987.

48

Thomas F. Reilly, Philadelphia, for appellants.

James E. Beasley, Philadelphia, for appellee.

Before NIX, C.J., and FLAHERTY, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

PAPADAKOS, Justice.

Appellants seek reversal of a sanction order imposed on them by the trial court for failing to answer interrogatories. Review by this tribunal was granted both in order to examine the relationship between state and local rules of civil procedure and, as well, because we felt a particular need to inquire (improvidently so, we now believe) into an

action in which the Appellee is a sitting judge in this Commonwealth.

Appellants are defendants in a libel suit. On January 19, 1984, they were served with a set of nine interrogatories seeking the facts and law behind the defenses which they had raised in their New Matter. The record indicates that they failed to respond to the interrogatories within the mandated thirty-day period; they also failed to provide answers or objections pursuant to a subsequent agreement by both counsel in this case; and finally, they did not appear at the court's hearing on plaintiff's motion for sanctions held on May 3, 1984. Although they were required then to answer the motion within three weeks, and also were granted an extension of ten days, they again did not reply, and the motion was decided as uncontested.

Sanctions then were applied pursuant to Pa.R.C.P. No. 4019 which holds, in pertinent part that:

(a)(1) The court may, on motion, make an appropriate order if

(i) a party fails to serve answers, sufficient answers or objections to written interrogatories under Rule 4005;

(e) The court, when acting under subdivision (a) of this rule, may make

(2) an order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting him from introducing in evidence designated documents, things or testimony, or from introducing evidence of physical or mental condition;

The court's final sanction order specifically strikes the New Matter alleged by Appellants. Appellants now argue that before it could impose sanctions, the trial court should have proceeded under the local rule set forth in Philadelphia General Rule 176 which provides:

1. Where (a) discovery has been ordered as a result of the filing of an Uncontested Motion to Compel or for Sanctions, (b) the defaulting party has served no response whatsoever during the time period provided for by the Order and (c) the moving party seeks sanctions, the

moving party shall forward letter notices to the default-ing party, giving at least twenty (20) days notice of his or her intention to obtain such sanctions, which notice shall be substantially in the form attached to this Rule and shall set forth the sanctions which Court will be request-ed to impose.

Without addressing any other aspect of the case, we hold that this appeal is interlocutory. There is no distinction here between this particular order and other pre-trial orders on discovery or admissibility of evidence. Although a finding of the finality of an order is a judicial conclusion which results from a practical rather than a technical interpretation (*Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 348 A.2d 734 [1975]), Pa.R.App.P. No. 311(a) indicates that an interlocutory appeal may be taken as of right from seven specified orders of a lower court, none of which applies to the facts of this case.[1] In the absence of permission, appeals as of right can only be taken from a final order. Pa.R.App.P. No. 341. Because it lacked jurisdiction to hear the case, the order of Superior Court, 344 Pa.Super. 618, 495 A.2d 609, is vacated, and the case is remanded to the trial court for further proceedings consistent with this decision.

NIX, C.J., files a dissenting opinion.

**1.** Mr. Justice Hutchinson has entered a dissent groping with the viability of *Grota v. La Boccetta,* 425 Pa. 620, 230 A.2d 206 (1967), which dealt with the substantive merits of an affirmative defense. By contrast, disposition of the case under review is based on the issue of a sanction order for failure to respond to interrogatories. This qualitative difference clearly distinguishes the two cases. But even more compelling, is the yawning spectre of an avalanche of appeals which easily could overburden the judicial system. By insisting that sanctions are final orders, the dissent, in effect, would open the floodgates to perpetual judicial impermanence and impotence at the trial level and an unmanageable quantum of cases choking the appellate system. We should be reminded that trial courts are empowered to sanction litigants in a variety of ways and enforce the obligations of the judicial system in a fair, fast, and firm manner. Followed to its logical conclusion, the argument of my learned colleague would lead inexorably to disastrous consequences.

HUTCHINSON, J., files a dissenting opinion.

LARSEN and McDERMOTT, JJ., did not participate in the consideration or decision of this case.

NIX, Chief Justice, dissenting.

I dissent from the majority's conclusion that the instant appeal is interlocutory. While an appeal from an order imposing sanctions may be by nature interlocutory, the sanctions imposed in the instant case preclude appellants from presenting any of the affirmative defenses asserted in their New Matter, thereby effectively putting them "out of court." *Cf. Ventura v. Skylark Motel, Inc.*, 431 Pa. 459, 246 A.2d 353 (1968); *Grota v. LaBoccetta*, 425 Pa. 620, 230 A.2d 206 (1967); *Posternak v. American Casualty Co.*, 421 Pa. 21, 218 A.2d 350 (1966); *Adcox v. Pennsylvania Manufacturer's Association Casualty Insurance Co.*, 419 Pa. 170, 213 A.2d 366 (1965). Moreover, the prevailing party is a sitting judge on the court in which the instant action was brought, a fact which renders strict compliance with general and local rules of procedure especially crucial. These are exceptional circumstances which, in my judgment, justify immediate review.

As to the merits of the instant appeal, it is clear to me that the order imposing sanctions was issued in violation of Philadelphia General Civil Rule 176, which provides:

Rule 176. Procedure as to Uncontested Motions for Sanctions.

1. Where (a) discovery has been ordered as a result of the filing of an Uncontested Motion to Compel or for Sanctions, (b) the defaulting party has served no response whatsoever during the time period provided for by the Order and (c) the moving party seeks sanctions, the moving party shall forward letter notice to the defaulting party, giving at least twenty (20) days notice of his or her intention to obtain such sanctions, which notice shall be substantially in the form attached to this Rule and shall set forth the sanctions which the Court will be requested to impose.

2. If the defaulting party still has not complied with the Order at the expiration of the aforesaid time period, the moving party shall forward to the Court a letter certification of the sending of the notice and the failure to comply, attaching thereto a copy of the notice sent in accordance with Section of this Rule, accompanied by a copy of the original Order entered and a copy of the most current docket entries. The moving party shall serve a copy of this letter certification, together with the said attachments, on all opposing counsel and unrepresented parties and shall indicate this service on the said letter certification.

3. Upon receipt of these documents, the Court shall enter an appropriate Order.

4. A copy of the letter certification and the notice shall be attached to the Order when it is filed.

5. The letter of certification to the Court shall be substantially in the form attached to this Rule.

Rule 176 clearly contemplates that the appropriate initial response to a motion for sanctions for failure to act upon a request for discovery is an order compelling discovery. The further procedures of Rule 176 are triggered when, in spite of such an order, the defaulting party continues to fail to comply. In the instant case no discovery order was even issued, although such an order was requested by the plaintiff as an alternative to striking the New Matter and prohibiting support of the defenses raised therein. The trial court thus ignored Rule 176 and proceeded to immediately impose the severest sanction short of a default judgment.

Local rules are permissible unless they are inconsistent with statewide general rules. *See* Pa.R.C.P. 239. While this Court could find that Rule 176 is in conflict with Rule 4019 of the Rules of Civil Procedure because the local rule added an unnecessary appendage to the general rule, that question is not before us. The judicial district that promulgated a local rule is surely bound to apply it and cannot be permitted to disregard that rule without taking any steps to

eliminate it. Similarly, litigants are entitled to expect that local rules of procedure, once promulgated, will be observed.

For the foregoing reasons I would reverse the order of the Superior Court, vacate the trial court's order imposing sanctions and remand the cause for further proceedings consistent with the views herein expressed.

HUTCHINSON, Justice, dissenting.

I dissent. Common Pleas' order barring appellants' new matter is in practical effect a final order and, therefore, appellate review is proper. I recognize that no appeal will lie to this Court from an interlocutory order unless otherwise expressly permitted by statute. *Stevenson v. General Motors*, 513 Pa. 411, 521 A.2d 413 (1987). However, in determining whether an order is final, we should look beyond the technical effect of the adjudication to its practical ramifications. *T.C.R. Realty, Inc. v. Cox*, 472 Pa. 331, 337, 372 A.2d 721, 724 (1977). Although the appellants are not technically "out of court" since they still must appear at trial before the court below, the practical effect of the discovery sanction is to deprive them of an opportunity to present their defenses to appellee's libel action against them. Appellants' new matter raised seven affirmative defenses to appellee's libel claim. Striking their new matter deprives them of the opportunity to assert or prove matters essential to an effective defense of a libel action, including the constitutionally protected defenses of truth and privilege under the Pennsylvania Constitution. The sanction order precludes appellants from contesting the merits of appellee's claim.

Moreover, in *Grota v. LaBocetta*, 425 Pa. 620, 230 A.2d 206 (1967), we held that a trial court's refusal to allow an amendment of defendants' answer to include an affirmative defense was a final order and thus appealable. We reasoned that precluding the opportunity to amend to incorporate an affirmative defense put them out of court. The extreme sanction order entered here also deprives appel-

lants of the opportunity to assert affirmative defenses essential to vindication of free speech and public comment on official performance guaranteed by the First Amendment to the United States Constitution and Article 1, section 7 of the Pennsylvania Constitution. The order here is simply not analogous to the myriad interlocutory orders involving discovery. It denies appellants fundamental rights secured by the constitutions which govern us. While I agree that most discovery sanctions are not final and appealable, the sanction in this case effectively put the appellants out of court on a number of key defenses. Unless we overrule *LaBocetta* and its progeny, this discovery sanction is *a fortiori* a final order and appealable.