## Mid-Island Properties Inc. v. Manis

*Vernon R. Byrd,* for plaintiffs.
*Michael E. Garner,* for defendants.

OTT, *J.,* July 19, 1989 — In this landlord-tenant action, defendant has appealed to Superior Court from an order granting plaintiff partial summary judgment on count I of its two-count complaint and as to one count of a three-count counterclaim.

## FACTS

Plaintiff, a real estate partnership trading as the Wyncote House, owns and operates a residential apartment complex situated at Washington Lane and Township Line Road in Wyncote, Montgomery County. Defendant has been a tenant of plaintiff pursuant to a series of one-year leases since September 1, 1984. The lease effective September 1, 1987, provided for termination by either party at the end of the one-year term upon 90 days' written notice. On May 18, 1988, plaintiff notified defendant that the lease would not be renewed and thus would terminate on August 31, 1988. When defendant refused to vacate plaintiff sought an order of eviction from the local district justice. Defendant appealed an adverse ruling from that tribunal and ruled plaintiff to file a complaint in this court.

On October 19, 1988, plaintiff filed a two-count complaint seeking ejectment and rental damages. Defendant answered the complaint and further responded with a three-count counterclaim. Counts I and III thereof sought compensatory and punitive damages for the intentional infliction of emotional distress. The second count sought an order directing plaintiff to renew defendant's lease. In this regard, defendant alleged that plaintiff's non-renewal of the instant lease was barred by the Landlord and Tenant Act[1] because the non-renewal had been motivated by defendant's participation in a tenant's organization or association.

Plaintiff filed a motion for summary judgment as to the complaint and counterclaims. Following briefing and argument, we entered an order granting summary judgment as to count I of plaintiff's complaint which sought ejectment and to count II of defendant's counterclaim which sought an order directing plaintiff to extend the lease. Summary judgment was denied as to plaintiff's count for damages and defendant's counts relating to the alleged intentional infliction of emotional distress because factual questions existed with respect to these claims. Defendant appealed this order to Superior Court and in conjunction therewith, sought a stay from this court as to the order of ejectment pending the appeal. Following oral argument, we denied and dismissed the application for stay by order dated June 23, 1989.[2]

---

1. Act of April 6, 1951, P.L. 69, Article 1, §101 et. seq., 68 P.S. §250.101 et seq., as amended.

2. Defendant subsequently pursued an application for stay in Superior Court which was denied by order dated July 10, 1989.

## ISSUES

This appeal presents two issues. (1) Was the order granting partial summary judgment interlocutory or final and appealable? (2) Does section 205 of the Landlord Tenant Act preclude non-renewal of defendant's lease?

## DISCUSSION

### Appealability of Order

Motions for summary judgment are governed by the provisions of Pennsylvania Rule of Civil Procedure 1035. The last sentence of subparagraph (b) provides:

"A summary judgment, interlocutory in character, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages."

The order appealed from, on its face, appears to be interlocutory in accordance with this rule. Judgment was granted as to liability (ejectment) while the issue of damages was reserved. Nevertheless, the interlocutory or final nature of a partial summary judgment is seldom clear under the prevailing law of this commonwealth. In a footnote to a recent opinion, Commonwealth Court acknowledged "that the subject of finality and appealability has presented difficult issues for Pennsylvania appellate courts, often resulting in uncertainty for litigants deciding whether to take an appeal." *Bollinger by Carraghan v. Obrecht,* 122 Pa. Commw. 562, 565, 552 A.2d 359, 360 (1989).[3]

---

3. Footnote 2 of Commonwealth Court's opinion cited apparently inconsistent rulings in *Grota v. LaBoccetta,* 425 Pa. 620, 230 A.2d 206 (1967) and *Bruno v. Elitzky,* 515 Pa. 47, 526 A.2d 781 (1987) as well as several recent decisions which articulated the need for

In determining the appealability of orders, Pennsylvania adheres to the final judgment rule which holds that an appeal is permitted only from a final order unless otherwise permitted by statute or rule.[4] *Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985); *Bollinger by Carraghan v. Obrecht, supra;* Pa.R.A.P. 341(a). An order is final if it: "(1) ends the litigation or disposes of the entire case; (2) effectively puts the litigant 'out of court'; or (3) precludes a party from presenting the merits of his or her claim to the trial court." *Nigro v. Nigro,* 371 Pa. Super. 625, 629, 538 A.2d 910, 912-3 (1988).

The Superior Court in *Nigro* further indicated it would look beyond the technical effect of the order and consider its practical ramifications. Arguably, the issue we determined by our order granting partial summary judgment, i.e. the applicability of section 205 of the Landlord Tenant Act, is the equivalent of striking an affirmative defense. Absent the protection of this section, the lease is terminable at will. This analogy brings us back to the conflict created in the *Grota* and *Bruno* decisions which appear to be

clarification and reform in this area. *Grim v. Betz,* 372 Pa. Super. 614, 539 A.2d 1365 (1988); *Zarnecki v. Shepegi,* 367 Pa. Super. 230, 532 A.2d 873 (1987); *National Recovery Systems v. Perlman,* 367 Pa. Super. 546, 533 A.2d 152 (1987).

4. There are several exceptions to the general rule that only final orders are appealable, however, none is applicable here. Pa.R.A.P. 311 allows appeals as of right from certain interlocutory orders. Defendant's case does not fall under any of the enumerated categories provided. In addition, defendant has not sought permission for an interlocutory appeal under Pa.R.A.P. 1311. Finally, the collateral order doctrine, *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949); *Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978), does not apply as the instant order does not determine an issue collateral to the main cause of action. Indeed, the right of the defendant to remain at plaintiff's apartment or be ejected therefrom, is the central issue in the case.

irreconcilable. We believe the instant case is closest on its facts to those presented in *Zarnecki v. Shepegi, supra*. There, the Superior Court determined that a trial court's striking of an affirmative defense in a mortgage foreclosure action pursuant to the doctrine of collateral estoppel was final and appealable because it precluded defendant from proving facts at trial which if determined in her favor would have afforded a defense to the action. As this opinion will address the merits of defendant's appeal, we defer a determination of our order's "finality" to the wisdom of the Superior Court.

## Landlord Tenant Act

Plaintiff's motion for summary judgment required this court to interpret section 205 of the Landlord Tenant Act[5] and determine its applicability to the undisputed facts of this case. Our research has revealed no common pleas or appellate authority in this area thus making this a case of first impression. That section provides:

"No individual unit lease on residential property shall be terminated or non-renewed on the basis of participation of any tenant or member of the tenant's family in a tenants' organization or association."

Inasmuch as the lease between plaintiff and defendant was terminable by either party at will upon proper notice and defendant having acknowledged receipt of such notice, this provision of the Landlord Tenant Act is defendant's only possible defense to the action in ejectment.

We begin our analysis mindful that the burden rests upon the plaintiff to demonstrate clearly that there is no genuine issue of material fact. *Day v. Volkswagenwerk Aktiengesellschaft*, 318 Pa. Super.

5. 68 P.S. §250.205.

225, 464 A.2d 1313 (1983), and in determining the existence of disputed facts, we must view the evidence most favorable to the defendant and give him the benefit of all favorable inferences that may reasonably be drawn therefrom. *Graf v. State Farm Insurance Company*, 352 Pa. Super. 127, 507 A.2d 414 (1986). The applicability of section 205 will turn on whether it may be reasonably determined that defendant has participated in a tenant's organization or association. The act defines a tenant's organization or association as "a group of tenants organized for any purpose directly related to their rights or duties as tenants." 68 P.S. §250.102(5). The express language of section 205 and the aforementioned definition clearly establishes the need of the tenants to be organized. Webster's Ninth New Collegiate Dictionary defines *organize* as follows:

"(1) to cause to develop an organic structure;

"(2) to arrange or form in to a coherent unity or functioning whole;

"(3)(a) to set up an administrative structure for; (b) to persuade to associate in an organization;

(4) to arrange by systematic planning and united effort."

The common theme of these usages is the existence of an administrative structure to carry out a common purpose.

The uncontradicted facts of record established by the pleadings and the deposition of defendant, viewed in a light most favorable to his position, are insufficient as a matter of law to constitute participation in a tenants' organization or association. Although defendant has engaged in numerous solo skirmishes with the management of plaintiff during the years of his tenancy, the only activity involving other tenants was a letter on his personal stationary

dated February 16, 1988, addressed to "Dear fellow - neighbor - lower - garage - patron - etc., etc." This letter solicited other tenants in the complex to affix their signatures on an enclosed letter/petition addressed to management, to show the tenants' support for defendant's concerns. The letter to defendant's neighbors made no reference to a tenants' organization or association. There was a vague reference in the letter to fortnightly parties for tenants but no indication that their purpose would be other than social. Indeed, defendant testified at his deposition that no formal association ever existed for the purpose of presenting these particular grievances to management. He further acknowledged that no meeting of tenants was ever held in this regard. He also admitted that there existed among the tenants an organization with which he had never been involved. In short, defendant's efforts focused on an attempt to obtain some leverage for his own concerns through the support of other tenants. Such a singular crusade is quite different from participation in a structured organization to pursue a common purpose.

## CONCLUSION

A significant issue exists as to the finality of the order appealed from which should be clarified by appellate decision. If the order is final, it is justified because section 205 of the Landlord Tenant Act is inapplicable to the facts of this case and partial summary judgment as to the action in ejectment was appropriate. The appeal should be dismissed.