626 A.2d 606

Joyce A. WEST and Brian West, Her Husband, Appellants,

v.

Edward ANDERSEN, D.O., Arthur Dortort, D.O.,
Clarion Osteopathic Community Hospital,
Evelyn Spence, R.N., Appellees.

Superior Court of Pennsylvania.

Submitted March 8, 1993.

Filed June 14, 1993.

128

John G. Achille, Brookville, for appellants.

Terrence F. McVerry, Pittsburgh, for Andersen, appellee.

Sean J. McLaughlin, Erie, for Dortort, appellee.

Thomas J. McClain, Pittsburgh, for Clarion Osteopathic, appellee.

Cathie J. Fagan, Pittsburgh, for Spence, appellee.

Before CIRILLO, HUDOCK and BROSKY, JJ.

HUDOCK, Judge.

This is an appeal from the judgment entered August 7, 1992, awarding counsel fees in favor of Appellees for the failure by Appellants to be deposed on March 17, 1992. We quash.

This case is a medical malpractice action. During the discovery phase, Appellees Clarion Osteopathic Community Hospital and Evelyn Spence, R.N., served a notice of deposition on Appellant Joyce A. West. Although she and her counsel were present, no deposition took place. Appellees

filed a motion for sanctions asking the court to award counsel fees for the failure of Appellant's counsel to permit the deposition to take place. The court entered an order granting the counsel fees.

Appellants raise the following issue in their appeal:

I. Are the Appellees entitled to Discovery Sanctions in the form of attorney's fees when no prior discovery order had been issued where Appellant acted in good faith in canceling the deposition when one attorney and one party failed to appear dispite [sic] proper notice and Appellant appeared for a deposition without the need of a motion to compel or for sanctions?

Appellants' Brief at p. 3.

We must first determine whether Appellants have appealed from a final order, because

[i]t is fundamental,

that an appeal will lie only from a final order unless otherwise permitted by statute. A final order is one which ends the litigation or, alternatively, disposes of the entire case. . . . Conversely, an order is interlocutory and not final unless it effectively puts the litigant out of court. . . .

In ascertaining what is a final appealable order . . . we must look beyond the technical effect of the adjudication to its practical ramifications. . . . The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications.

*Praisner v. Stocker*, 313 Pa.Super. 332, 336–37, 459 A.2d 1255, 1258 (1983) (citations and quotations omitted).

*Dorohovich v. West American Ins. Co.*, 403 Pa.Super. 412, 415, 589 A.2d 252, 254 (1991).

The trial court in our case based its decision on Pa.R.C.P. 4019(a)(1)(iv), 42 Pa.C.S., which reads as follows:

(a)(1) The court may, on motion, make an appropriate order if

\*   \*   \*   \*   \*   \*

(iv) a party or an officer, or managing agent of a party or a person designated under Rule 4007.1(e) to be examined, after notice under Rule 4007.1, fails to appear before the person who is to take his deposition[.]

It is from this order that Appellants appeal. In support of their position that the order is a final appealable order, they cite our previous decisions of *Jerry Pitell Co., Inc. v. Penn State Construction, Inc.,* 277 Pa.Super. 575, 419 A.2d 1299 (1980) and *Paul v. Paul,* 281 Pa.Super. 202, 421 A.2d 1219 (1980). In both of these cases we found that the grant of counsel fees was a final appealable order while the denial of counsel fees was interlocutory. In a later case, *Markey v. Marino,* 361 Pa.Super. 92, 521 A.2d 942 (1987), *alloc. den.,* 516 Pa. 614, 531 A.2d 781, we found that the grant of counsel fees is interlocutory. The decision in *Markey* makes uniform our treatment of counsel fees as discovery sanctions. Later that same year our Supreme Court, in *Bruno v. Elitzky,* 515 Pa. 47, 526 A.2d 781 (1987), held that an order imposing discovery sanctions is an interlocutory order, not appealable as of right. In *Bruno,* the trial court ordered the defendant's New Matter stricken as a result of the failure to answer interrogatories. In so ordering, the court based its decision on Pa.R.C.P. 4019, 42 Pa.C.S. While *Bruno* did not involve counsel fees, but rather striking a new matter, which arguably puts the parties out of court more so than an order imposing counsel fees, we find that its language is quite broad and applies to discovery sanction orders under Pa.R.C.P. 4019, 42 Pa.C.S. The court stated: "There is no distinction here between this particular order and other pretrial orders on discovery or admissibility of evidence." *Bruno,* at 49, 526 A.2d at 782. While *Bruno* does not discuss the effect of an order imposing discovery sanctions which have been reduced to judgment, we interpret *Bruno* broadly in light of our decision in *Fox v. Gabler,* 377 Pa.Super. 341, 547 A.2d 399 (1988). Judge (now Justice) Montemuro analyzed the process of determining the finality of orders for purposes of appeal. In *Fox,* we restated that discovery sanctions are interlocutory and stated the policy reasons for this holding as follows:

"(I)f this order were to be found to be presently appealable, it would tend to discourage the (trial) court's use of the disciplinary tool, and it would merely become another weapon in the arsenal of dilatory practice for the attorney who wished to delay the judicial proceedings."

*Id.* at 351, 547 A.2d at 404 (*quoting Hall v. Lee*, 285 Pa.Super. 542, 548, 428 A.2d 178, 181 (1981). *Fox* involved an order of contempt entered against a party requiring the posting of a $10,000 bond. We explained that where the order is "completely collateral to the underlying litigation, and where the underlying litigation will continue after appeal of the order has been resolved", *Id.*, 377 Pa.Super. at 347, 547 A.2d at 402, the order is interlocutory and not appealable. Because we find that the order in our present case is completely collateral to the underlying medical malpractice action, and the litigation on the underlying action will continue after this discovery sanction, the order is likewise interlocutory. We see no reason to deviate from the general rule that discovery sanction orders are not appealable until final judgment in the underlying action. *Fox, supra.*

Appeal quashed.