**Robins v. Robins**

*Pro Se,* for plaintiff.
*Jeffrey P. Bates,* for defendant.

MOSS, *J.,* June 27, 2012—The issue is whether we properly granted non-party Philadelphia corporation for the aging's ("PCA") Motion for protective order and to quash subpoena ("PCA Motion") in plaintiff's absence. For the following reasons, we properly granted. Furthermore, the instant appeal should be quashed as interlocutory and not immediately appealable pursuant to Pa. R.A.P. 313(2012).

### Facts and Procedural History

This is a January, 2011 non jury matter involving alleged, inter alia, wrongful use of civil process and illegal tenant eviction. See generally amended complaint, 05/16/12. Plaintiff Jonathan Robins is a pro se litigant currently incarcerated at a correctional facility on 1120 Pike Street in Huntington, Pennsylvania. See docket report at 1; see also see trial Tr. 3:16-24, April 5, 2012. On or around March 6, 2012, PCA received a subpoena to produce certain records dated March 1, 2012. PCA motion, 03/22/12 ¶ 2, Ex. A. PCA is a non-profit Pennsylvania corporation "functioning as the area agency on aging

within the meaning of the older American's act." *Id.* ¶ 1. Plaintiff requested documentation showing he facilitated a PCA representative's tri-weekly visits to assist his uncle Malachi Robins with bathing. See answer to PCA motion, 03/22/12; see also amended complaint pp. 1-2. Plaintiff averred he was his uncle's legal guardian and entitled to said record. Answer to PCA motion.

A notice of intent to serve ("notice of intent") dated 12/05/11 along with a certificate prerequisite to service of said subpoena ("certificate") dated 02/11/12 was formally filed February 15, 2012 without the subpoena attached. Docket 02/15/12. The notice of intent does not indicate a party, although Robins indicates on the certificate he mailed everything to "defendant." *Id.*

Defense counsel requested plaintiff withdraw the subpoena on March 12, 2012, See PCA motion attorney certification of good faith. Plaintiff declined in a letter drafted on March 18, 2012 and electronically filed April 5, 2012, Robins response, 04/05/12. On March 22, 2012, PCA moved for a protective order and to quash citing confidentiality pursuant to the older American's Act and related regulations. See generally PCA motion, 03/22/12. The hearing was scheduled Thursday April 5, 2012. Electronic confirmation was sent to the moving party requiring it to serve all parties, pursuant to Pa. R. C. P. No. 440. See attached notice exhibit 1.

The PCA motion was granted as uncontested on April 5, 2012 after Robins failed to appear either live or by video teleconference. Order, 04/05/12. Robins' request to

appear via video teleconference was granted for a previous hearing April 3, 2012. Hon. Leon Tucker order, 03/29/12. PCA's attorney asserted Robins failed to provide requisite guardianship proof. *Id.* 5:10-23. A copy of our April 5, 2012 order ("04/05/12 order") granting PCA's motion was forwarded to plaintiff at his docketed address. Robins filed the instant appeal April 30, 2012, alleging he never received same. See notice of appeal, 04/30/12.[1] He also alleged in an enclosed letter of never being served PCA's motion. *Id.*

## Discussion

The instant appeal should be quashed as interlocutory. Pa. R.A.P. No. 313 (2012). Alternatively, our 04/05/12 order was proper on the merits.

Plaintiff knew about the April 5, 2012 hearing and had the opportunity to participate via video teleconference. Legal papers other than service of process shall be served by the filing party by mail upon all other parties with proof attached. PA Philadelphia LR 440 (a) (2011). When a person served fails to appear for a motion, "proof of service of same must be filed in the case before the court will act thereon." *Id.* (c). Here, PCA filed its motion and was required to notify Robins of same. We made this clear in an email sent to PCA after its filing. See attached notice exhibit I. Robins' filed his original letter response

---

1. The appeal was docketed late due to court error. We only received official notice of the instant appeal in mid June. Consequently, We were not able to request Robins submit a concise statement of matters on appeal, pursuant to Pa. R. A. P. No. 1925 (b) (2012), and still timely file our opinion.

as an answer on April 5, 2012. While Robins' letter states he was never served the motion, the filed answer says otherwise. This indicates he knew the hearing was taking place. Therefore, notice is not an issue.

Furthermore, plaintiff knew he could appear via video teleconference since he had successfully obtained same for a hearing held two (2) days prior to the instant one. Moreover, judge Tucker's March 29, 2012 order compelling the prison to provide Robins video teleconferencing facilities proves there was no excuse for failing to do so here.

Next, our 04/05/12 order was interlocutory. Discovery orders are generally interlocutory and not appealable until judgment. *West v. Andersen*, 626 A.2d 606,608 (Pa. Super. 1993). An appeal as of right may be taken from a lower court's collateral order. Pa. R.A.P. 313(a) (2012). "A collateral order is an order [1)] separable from and collateral to the main cause of action where [2)] the right involved is too important to be denied review and [3)] the question presented is such that if review is postponed until final judgment in the case, the claim is irreparably lost." *Id.* (b). An issue qualifies as collateral when it involves "rights deeply rooted in public policy beyond the particular litigation at hand." *Ben v. Schwartz*, 556 Pa. 475, 484, 729 A.2d 547, 552 (1999) (internal citations omitted).

Discovery orders are deemed collateral when they involve allegedly privileged documents. See, e.g., *In re Condemnation of 16.2626 Acre Area*, 981 A.2d 391,396 (Pa. Cmwlth. Ct. 2009) (holding postponing of a privilege

review would be pointless if allegedly privileged documents were produced in discovery); see also *Gocial v. Independence Blue Cross*, 827 A.2d 1216 (Pa. Super. Ct. 2003) (holding the collateral order doctrine permitted interlocutory review where a party claimed work product and attorney-client privilege protections). With privilege issues, rights are too important and may be irreparably lost if not reviewed immediately.

Here, plaintiff asserts no privilege issues. On the contrary, Robins wants to obtain PCA's confidential documents covering his involvement with its agent's visits to his ailing uncle. This matter may be postponed without being irreparably lost since privilege is not destroyed by our 04/05/12 order. Moreover, this matter does not implicate any deeply rooted public policy issues. As such, our order is interlocutory and plaintiff's appeal should be quashed.

Alternatively, our 04/05/12 order was meritorious and we did not abuse our discretion. Since plaintiff failed to appear, PCA's facts and legal arguments were presented uncontested. A motion to quash a subpoena may be filed by a served entity and the court may hold a hearing and "make an order to protect [said entity] from unreasonable annoyance, embarrassment, oppression, burden or expense." Pa. R. C. P. 234.4(b) (2012). A protective order may be issued to prohibit certain discovery production. See *id.* 4012(a)(1).

First PCA averred Robin's subpoena was procedurally defective. A certificate of service must be filed indicating

service on the subpoenaed party, notice of intent to serve and an identical subpoena attached. Pa. R.C. P. No. 4009.22 (a) (2012). The notice of intent must be delivered at least twenty days before the subpoena is sought to be served. *Id.* Here, the notice of intent and certificate are dated 12/05/12 and 02/11/12, respectively, and filed on February 15, 2012. There is no proof said notice and certificate were mailed to PCA other than Robins' self-serving statement on same. No certified mail receipt is attached. No subpoena is attached as required. The certificate is addressed to "defendant," but PCA is a non-party in this matter. PCA formally acknowledged receiving the subpoena on or around March 6, 2012 within its motion but Robins' service of process was defective. This alone justified quashing the subpoena.

A protective order is also justified on the uncontested facts. The Commonwealth is required to make sure agencies like PCA and its subcontractors keep confidential information about the elderly who have received services. See 35 P.S. § 10225.306 (2012); see also 45 C.F.R. § 1321.51(a) (2012). A limited exception allows disclosure to the person's legal guardian. See 35 P.S. § 10225.705 (b)(6). We fully considered Robins' argument that he was a legal guardian and entitled to certain records. See trial Tr. 7:3-7, April 5, 2012. However, PCA argued Robins failed to produce a single document proving he was his uncle's legal guardian. Therefore, he failed to satisfy the exception justifying release of confidential records. See *id.* 5:10-23. It is abundantly clear we properly granted PCA's protective order after no other exception was presented to

justify disclosure.

## Conclusion

For the foregoing reasons, our 04/05/12 order was proper both procedurally and substantively and the instant appeal should either be quashed or said order affirmed.