J. S47018/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| V.E.B. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| A.N.W., | : | No. 126 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Order Dated November 30, 2016,
in the Court of Common Pleas of Montgomery County
Civil Division at No. 2009-23833

BEFORE:  GANTMAN, P.J., LAZARUS, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED FEBRUARY 22, 2018**

A.N.W. appeals from the November 30, 2016 order entered in the Court of Common Pleas of Montgomery County that awarded attorney's fees to appellee, V.E.B. ("Mother"), in the amount of $10,000 as a discovery sanction against appellant in the underlying support action.  We quash.

The trial court set forth the following:

> This appeal is from an Order awarding [Mother's] attorney's fees from [appellant] for conduct involved in the resolution of issues arising from support of the parties' minor child.  The parties had entered into an agreed order of support in February 26, 2015.  In September of 2015, [appellant] filed a Petition to Modify the agreed upon order.  On [sic] [Mother] filed a Motion to Dismiss the Petition, because *inter alia*, relevant responses to Requests for Production had not been provided by [appellant] despite an order having been entered to compel that discovery.  [Appellant] and his counsel failed to appear at a hearing on March 30, 2016

before a discovery master to address [appellant's] failure to respond to the Requests for Production. The Motion to Dismiss further stated that on June 7, 2016 the Honorable Stephen Barrett entered an Order requiring [appellant] to comply with [Mother]'s request for [p]roduction within twenty days and noting that failure to do so could result in sanctions.

On July 14, 2016, a hearing was held on the Exceptions and on the Motion to Dismiss the Exceptions, which included a request by [Mother] for attorney's fees. The hearing was scheduled to begin at 9:30 a.m. Counsel whose appearance had been entered for [appellant], Mr. Abdul-Rahman, did not attend this hearing. [Appellant] informed the court that Mr. Abdul-Rahman would not be coming to the hearing, but Attorney Chisholm would attend on his behalf. Mr. Chisholm was not present at 9:30. [Appellant] then informed the Court that Mr. Chisholm was appearing at another hearing in Montgomery County. The Court waited until 9:43, and then opened court. Mr. Chisholm appeared at 10:00 a.m.

At this hearing, Mr. Machles, counsel for [Mother], informed the court that a motion to modify custody was pending, which could affect the support ordered. Based upon this information, this court granted the Motion to Dismiss the Exceptions.[Footnote 1] At this hearing [Mother]'s counsel also directed the court to the requested attorneys' fees, and submitted an affidavit in support of these fees. In response, Attorney Chisholm noted that "as related to the fees, Attorney Abdul-Rahman is probably more in line to deal with the appropriateness of what happened." Attorney Chisholm requested that Attorney Abdul-Rahman be given a week to respond to the request. The Court then told Attorney Chisholm that this response was expected from Attorney Abdul-Rahman a week from that day, and Attorney Chisholm responded, "[h]e will send it to Your Honor . . . . Absolutely[.]" The response to the request for attorney's fees was not timely received within one week.[Footnote 2] After

more than five months of waiting passed, on November 30, 2016, this Court granted [Mother]'s request for attorney's fees, awarding an amount found reasonable, which was less than the amount requested.

> [Footnote 1] The Order entered dismissing the exceptions provided that the exceptions were dismissed without prejudice for [sic] any party to seek relief following a change in custody or any other circumstances.

> [Footnote 2] The undersigned had no "ex parte" communication with [Mother]'s counsel. After months passed without the promised response from Attorney Abdul-Rahman, Mr. Machles did contact chambers to check on the status of the motion. Court staff did eventually contact Attorney Abdul-Rahman's office to check whether his response would be sent, to no avail.

> This award of attorney's fees was appealed. Pursuant to Pa.R.A.P. 1925(b), this Court ordered [appellant] to file of record and to serve this Court a Concise Statement of Errors Complained of On Appeal no later than twenty one days after the date the 1925(b) Order was docketed. [Appellant] timely filed this statement and listed ten alleged errors.

Trial court opinion, 2/17/17 at 1-3 (record citations omitted; some brackets in original).

The record reflects that on February 17, 2017, this court ordered appellant to show cause within ten days of the date of that order as to the appealability of the November 30, 2016 order. (Order of court, 2/17/17.) In his timely response, appellant responded, in relevant part, as follows:

> As Senior Judge Tilson points out in his trial court Opinion, the award of attorney's fees was due to the lower court's finding [appellant] in contempt of a discovery order. [**See** trial court opinion, 2/17/17], at 3, 5[]. Thus, in this case, the award of attorney's fees is final and appealable. **See Wolanin v. Hashagen**, 829 A.2d 331, 332-33 (Pa.Super. 2003) ("Rather, we conclude that, for a contempt order to be properly appealable, it is only necessary that the order impose sanctions on the alleged contemnor, and no further court order be required before the sanctions take effect"). **See also Diamond v. Diamond**, 792 A.2d 597, 600 (Pa.Super. 2002) ("a contempt order is appealable because it is a final order imposing sanctions").

Correspondence in response to 2/17/17 show-cause order, 2/27/17.

The record reflects that this court discharged the show-cause order on February 28, 2017; referred appellant's appeal to this merits panel; and advised appellant that this panel may revisit the appealability issue and, therefore, that appellant should be prepared to address the issue. (Order of court, 2/28/17.) Because "[t]he appealability of an order goes directly to the jurisdiction of the [c]ourt asked to review the order[,]" **Takosky v. Henning**, 906 A.2d 1255, 1258 (Pa.Super. 2006), we must determine the appealability of the November 30, 2016 order that appellant wishes to appeal.

In his response to this court's show-cause order, as well as in his brief to this court, appellant maintains that the November 30, 2016 order awarding Mother attorney's fees is appealable because it imposed sanctions following a contempt finding. (**See** correspondence in response to 2/17/17

show-cause order, 2/27/17; *see also* appellant's brief, *passim*.) Appellant stated that the proceeding that resulted in the trial court's November 30, 2016 order was a contempt proceeding when the record demonstrates that it was actually a hearing on Mother's exceptions to appellant's petition to modify support or limit support in the underlying child-support action during which Mother requested attorney's fees due to appellant's failure to comply with discovery requests. (*See* Mother's "motion *in limine* to dismiss petition to modify support or limit same with memorandum of law," 7/11/16; *see also* notes of testimony, 7/14/15, *passim*.) Additionally, we note that the trial court's opinion, with respect to its reasoning for entering the November 30, 2016 order awarding attorney's fees, as well as the record, demonstrates that the trial court awarded Mother attorney's fees as a discovery sanction pursuant to Pa.R.Civ.P. 4019(a)(1)(viii). (*See* trial court opinion, 2/17/17 at 5; *see also* Mother's "motion *in limine* to dismiss petition to modify support or limit same with memorandum of law," 7/11/16; notes of testimony, 7/14/15, *passim*.)

It is well settled that a contempt order that imposes sanctions constitutes a final, appealable order. *N.A.M. v. M.P.W.*, 168 A.3d 256, 260 (Pa.Super. 2017) (citation omitted). It is also well settled that an order imposing discovery sanctions is not appealable until final judgment in the underlying action. *West v. Andersen*, 626 A.2d 606, 608 (Pa.Super. 1993). Here, we have reviewed the voluminous certified record in this case,

and again, it reveals that the trial court entered the November 30, 2016 order awarding attorney's fees as a discovery sanction against appellant. Additionally, nothing in the certified record before us indicates that the trial court entered final judgment in the underlying support action prior to entry of that order. Therefore, because no final judgment in the underlying support action had been entered prior to the entry of the November 30, 2016 order that awarded attorney's fees to Mother as a discovery sanction against appellant, it is not a final, appealable order. *See id.*

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/22/18