688 A.2d 207

**Raymond BARANOWSKI, Appellant,**

**v.**

**AMERICAN MULTI–CINEMA, INC., Budco Goldman Theatres, Inc., Appellees.**

Superior Court of Pennsylvania.

Submitted Sept. 16, 1996.

Filed Jan. 16, 1997.

Richard S. Glassman, Philadelphia, for appellant.

Paul J. Toolan, Blue Bell, for appellees.

Before DEL SOLE, HUDOCK and CERCONE, JJ.

DEL SOLE, Judge:

 This is an appeal from the entry of Summary Judgment in favor of Appellees following the imposition of a discovery sanction against Appellant.[1]

 Appellees' Motion for Sanctions alleged that Appellant failed to completely answer Supplemental Interrogatories. The trial court granted the motion and precluded Appellant from presenting any evidence against Appellee. In this appeal, Appellant argues that the discovery sanction was not warranted because the Supplemental Interrogatories were completely answered. To some questions regarding medical treatment, Appellant responded that he would provide Appellees with the requested information as soon as he received his medical records from the hospital. To questions that required responses only if a particular situation or event had occurred since the first set of interrogatories, Appellant did not respond because none of the events or situations specified in the interrogatories had occurred. Appellant further argues that, even if a discovery sanction was warranted, the sanction that was imposed was too severe.[2]

However, Appellant cannot be afforded relief because of his inaction at the trial court level. When the Appellees were unsatisfied with the level of response to the interrogatories, they sought from the court an order to compel. Appellant

1. Discovery sanction orders are interlocutory and not appealable until final judgment in the underlying action. *West v. Andersen*, 426 Pa.Super. 127, 626 A.2d 606 (1993). While the discovery sanction imposed by the trial court may have hampered Appellant's case, it did not dispose of it. After the sanction was ordered, it was the responsibility of the parties to proceed with the case or for Appellees to move for Summary Judgment. *Liberty State Bank v. N.E. Bank of PA*, 453 Pa.Super. 231, 683 A.2d 889 (1996). The grant of that Motion for Summary Judgment disposed of the case and led to this appeal.

2. This argument would appear to have merit. A discovery sanction must be proportionate to the party's failure to comply with a discovery request. *Roman v. Pearlstein*, 329 Pa.Super. 392, 478 A.2d 845 (1984). A sanction imposed due to a party's failure to answer certain interrogatories should "treat the default as an admission" or "disallow proof at trial of such undisclosed information." *Roman*, 329 Pa.Super. at 400, 478 A.2d at 849, (quoting *Gonzales v. Procaccio Brothers Trucking Co.*, 268 Pa.Super. 245, 252, 407 A.2d 1338, 1341 (1979)).

never responded to this request or the court's order. When Appellee later filed a Motion for Sanctions, Appellant never put forth his position that the interrogatories had already been answered to the best of his ability. It was not until Appellant filed a Motion to Reconsider the sanction order that he advised the court of his position.

 Regardless of Appellant's conviction that he had completely answered Appellees' Supplemental Interrogatories, it was his responsibility to bring to the attention of the court the reasons for his responses, or the lack thereof, once Appellees called them into question. It is incumbent for counsel to focus the Judge's attention on the disputed questions and answers. Both the fact that routine discovery is not filed of record and the volume of contested discovery issues presented to a court, requires at a minimum, that counsel advance their views when motions for sanctions are presented. Appellant's failure to do so constitutes a waiver of his arguments, and justifies the entry of a sanction order.

 Appellant has also waived his argument that the imposed sanction, if warranted, was too severe. Included in Appellees' Motion for Sanctions was a proposed order mandating that a judgment of non pros be entered against Appellant or, alternatively, Appellant be precluded from introducing any evidence against Appellees.[3] When Appellee presented the motion, Appellant did not contest the imposition of sanctions or the severity of the sanctions that were proposed. As a result, the sanction was subsequently ordered and Appellant waived his arguments against the sanction.

Order Affirmed.

---

**3.** The date of service upon Appellant of the Motion for Sanctions is not indicated in the motion's Certification of Service. However, Appellant admits to notice of the presentment of the Motion for Sanctions in his Motion for Reconsideration of the May 13, 1994 sanction Order.