**Roccograndi v. Temple University Health System**

C.P. of Bucks County, no. 99-04962-23-5.

*Michael T. Sellers,* for plaintiff.
*Michele Daniele,* for defendants Temple University Health System and Temple Lower Bucks Hospital.
*Robert F. Fortin,* for defendants Fields and Bucks County Cardiology Assoc.

LAWLER, *J.,* March 7, 2001—Defendants Temple University Health System and Temple Lower Bucks Hospital, d/b/a Temple Lower Bucks Hospital, appeal the order of this court dated January 9, 2001, granting plaintiff Samuel Roccograndi's second motion for sanctions against defendants. Pursuant to Pa.R.A.P. 1925(b), the defendants have submitted a concise statement of matters complained of on appeal. This opinion is filed in accordance with Pa.R.A.P. 1925(a).

## BACKGROUND

Plaintiff's lawsuit alleges that the defendants performed an unauthorized autopsy on plaintiff's deceased wife, Elsie Roccograndi, and removed her heart without permission. As a result, Mrs. Roccograndi's body was interred without her heart. Plaintiff alleges that the decedent's family did not know that her body was not buried intact. The deceased was subsequently exhumed, and her heart was reburied with her body. Plaintiff seeks monetary damages.

This appeal concerns certain discovery requests made by plaintiff. On February 25, 2000, plaintiff served in-

terrogatories and a request for production of documents on defendant Temple. On April 11, 2000, having received no response, plaintiff filed a motion to compel. Pursuant to Bucks County R.C.P. 4019(g)(1)*(a), this court entered an order dated April 27, 2000, directing defendant Temple to either submit full and complete answers to plaintiff's discovery requests within 20 days, or file a motion for hearing within 10 days. Temple never filed a motion for hearing. On May 27, 2000, plaintiff received Temple's answers and objections to plaintiff's discovery requests.

Plaintiff filed a motion for sanctions against defendant Temple on June 22, 2000, alleging that Temple's answers and objections violated this court's April 27, 2000 order because they were served late, and were not full and complete answers. This court held a hearing on plaintiff's motion on September 1, 2000. Following the hearing, this court issued an order of the same date denying and overruling all of defendant Temple's objections to plaintiff's discovery requests. The September 9, 2000 order directed Temple to submit full and complete answers to plaintiff's interrogatories and full and complete documentation in response to plaintiff's request for production of documents within 10 days. The September 9, 2000 order further stated that if the defendant failed to comply, this court could order sanctions after a hearing, and grant leave for plaintiff to file a petition for attorney's fees. Defendant Temple provided supplementary responses to plaintiff's discovery requests by correspondence dated September 20, 2000, but continued to assert objections. Also on September 20, 2000, Temple filed a motion for reconsideration of the order of September 1, 2000. This court denied and dismissed

defendant's motion for reconsideration on December 4, 2000.

Plaintiff filed a second motion for sanctions on October 17, 2000, asserting that defendant Temple failed to comply with this court's September 1, 2000 order. A January 5, 2001 hearing followed. At that hearing, counsel for Temple stated that in light of this court's denial of its motion for reconsideration, the defendant intended to file more complete responses. N.T. 1/5/2001, p. 7. Defense counsel stated she would be able to do so in 10 days. Following the hearing, this court issued an order dated January 9, 2001, granting plaintiff's second motion for sanctions. The following sanctions were imposed: defendant Temple and its attorney, Michele Daniele, were each ordered to pay plaintiff the sum of $1,500 within 10 days thereafter. Further, Temple and Attorney Daniele were each ordered to pay plaintiff $25 per day for every day after January 19, 2001 that they are not in compliance with the January 9, 2001 order and the September 1, 2000 order. Defendant then filed this appeal.

## ISSUES ON APPEAL

The Defendant's statement of matters complained of on appeal alleges 13 points of error. However, defendant's statement completely ignores the procedural issues, which are dispositive of this case. The issues on appeal are more accurately and more succinctly stated as follows:

(1) Whether this court's January 9, 2001 order is an appealable order.

(2) Whether defense counsel's repeated failure to read, understand, and obey the rules of civil procedure and the

orders issued by this court justified the imposition of sanctions.

## DISCUSSION

### 1. *This Court's Order Is Not Appealable*

This court's January 9, 2001 order is not appealable by the defendant.[1] Generally, discovery sanction orders are interlocutory and not appealable until final judgment is entered in the underlying action. *Baranowski v. American Multi-Cinema Inc.,* 455 Pa. Super. 356, 688 A.2d 207 (1997), *alloc. denied,* 550 Pa. 675, 704 A.2d 633 (1997); *West v. Andersen,* 426 Pa. Super. 127, 626 A.2d 606 (1993). An appeal may only be taken from a final order, from an interlocutory order appealable as of right, from an interlocutory order by permission, or from a collateral order. *Smitley v. Holiday Rambler Corp.,* 707 A.2d 520, 524 (Pa. Super. 1998). Because the order at issue here did not "dispose of all claims and of all parties," it is not a final order from which an appeal may be taken as a matter of right. Pa.R.A.P. 341(b). "Generally a final order is one which ends the litigation or disposes of the entire case." See *In re Austin Trust,* 449 Pa. Super. 467, 473, 674 A.2d 293, 296 (1996). Clearly, an order imposing sanctions against a party does not end the litigation. This court's January 9, 2001 order did not reach the merits of this case. Furthermore, the January 9, 2001 order is neither an interlocutory order appealable as of right under Pa.R.A.P. 311, nor an appeal taken with this

---

1. The Superior Court has already concluded that the order at issue here is an interlocutory matter. This conclusion is stated in a per curiam order filed January 30, 2001 (docket no. 18 EDM 2001), declining to consider defendant's application for a stay in this case.

court's permission. Therefore, unless the order at issue here falls within the collateral order doctrine, defendant's appeal is not proper.

This court's January 9, 2001 order does not qualify as a collateral order under Pa.R.A.P. 313.

"Under [the collateral order] exception to the finality rule, an order is immediately appealable if: (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case the claimed right will be irreparably lost." *Witt v. LaLonde,* 762 A.2d 1109, 1110 (Pa. Super. 2000); Pa.R.A.P. 313(b).

To qualify, an order must satisfy all three elements. *Keefer v. Keefer,* 741 A.2d 808, 812-13 (Pa. Super. 1999). Although the order appealed from here is arguably separable from and collateral to the main cause of action, it fails to satisfy the second and third elements of the above test.

When analyzing the importance of the issue and irreparable loss elements of the collateral order doctrine, a court must weigh the interests implicated in the case against the costs of piecemeal litigation. *Ben v. Schwartz,* 556 Pa. 475, 483, 729 A.2d 547, 552 (1999); *Geniviva v. Frisk,* 555 Pa. 589, 597-98, 725 A.2d 1209, 1213 (1999). An issue is too important to be denied review only when it involves "rights deeply rooted in public policy going beyond the particular litigation at hand." *Ben v. Schwartz* at 484, 729 A.2d at 552 (quoting *Geniviva* at 598, 725 A.2d at 1213-14). "[I]t is not sufficient that the issue be important to the particular parties." *Id.* Here, the only interests affected are the pecuniary interests of defen-

dant Temple and its attorney. The January 9, 2001 order imposes sanctions for the violation of this court's prior orders in this case. It neither implicates rights rooted in public policy nor impacts individuals other than those involved in this particular litigation. See *Ben v. Schwartz* at 484, 729 A.2d at 552.

It is important to note that the order appealed from here is an order imposing sanctions, *not* an order compelling discovery. Defendant's statement of matters complained of on appeal asserts that the peer review privilege is at issue. However, the January 9, 2001 order merely imposed sanctions for failure to obey this court's September 1, 2000 order. It did not independently compel Temple to produce documents or information. The September 1, 2000 order, on the other hand, did overrule and deny the defendant's objections to plaintiff's discovery requests, and instructed defendant Temple to submit full and complete responses to certain interrogatories and requests for production of documents. Temple did not appeal the September 1, 2000 order. Furthermore, as will be more fully discussed below, defendant Temple never properly asserted its objections to plaintiff's discovery requests before this court, including the claim of privilege.

The January 9, 2001 order also fails to satisfy the third element of the collateral order doctrine, irreparable loss. "To satisfy this element, an issue must actually be lost if review is postponed. Orders that make a trial inconvenient for one party or introduce potential inefficiencies, including post-trial appeals of orders and subsequent retrials, are not considered as irreparably lost." *Keefer,* 741 A.2d at 813. "An interest or issue must actually disappear due to the processes of trial." *Id.* Here, the claimed

right will not be irreparably lost if review is postponed until final judgment. The defendant can effectively appeal the imposition of monetary sanctions post-trial. If this court's imposition of sanctions were determined to be improper, any money paid as a sanction could be returned. The pecuniary interests involved here will not disappear through the trial process. At most, postponing review of the order will result in inconvenience to defendant Temple and its counsel. Again, it is important to recognize that the order appealed from only imposed sanctions; it did not rule on Temple's objections to discovery or claims of privilege.

### 2. Defense Counsel's Acts Justified the Imposition of Sanctions

This court properly exercised its discretion and imposed appropriate sanctions in this matter. The imposition of discovery sanctions is governed by Rule 4019, which states in pertinent part:

"(a)(1) The court may, on motion, make an appropriate order if

"(i) a party fails to serve answers, sufficient answers or objections to written interrogatories under Rule 4005; . . .

"(vii) a party, in response to a request for production or inspection made under Rule 4009, fails to respond that inspection will be permitted as requested or fails to permit inspection as requested;

"(viii) a party or person otherwise fails to make discovery or to obey an order of court respecting discovery." Pa.R.C.P. 4019(a)(1).

Here, there were multiple transgressions by defendant Temple with regard to plaintiff's discovery requests. First Temple failed to serve timely answers or objections to written interrogatories under Pa.R.C.P. 4005. Rule 4006(a)(2) requires such answers and objections to be served within 30 days after service of the interrogatories. Second, Temple failed to timely respond to plaintiff's request for production of documents under Rule 4009. Rule 4009.12 requires a party to serve answers and objections, and produce documents not subject to an objection, within 30 days after service of the request. Defense counsel admitted at the September 1, 2000 hearing that defendant did not respond to plaintiff's discovery requests within the requisite 30-day period. N.T. 9/1/2000, p. 32. Discovery sanctions may be imposed on a party who fails to file or serve answers and/or objections to interrogatories and requests for production of documents within the 30-day period prescribed by the Rules of Civil Procedure. See *Vogel v. Berkley,* 40 D.&C.3d 339 (1985), *aff'd,* 354 Pa. Super. 291, 511 A.2d 878 (1986).

Defendant Temple's third transgression relates to this court's April 27, 2000 order granting plaintiff's motion to compel. That order required Temple to file full and complete answers to plaintiff's interrogatories and request for production of documents within 20 days, *or* file a motion for hearing within 10 days. The defendant never filed a motion for hearing. However, the discovery responses ultimately submitted by Temple were not full and complete; they were laden with objections. If defense counsel wished to raise objections to discovery not served or filed within the 30-day period for doing so, she should have at least requested a hearing, as suggested

by the April 27, 2000 order and Bucks County Rule 4019(g)(1)*(a). However, defense counsel failed to adequately familiarize herself with the applicable local rule. N.T. 9/1/2000, pp. 22-23. As a result, she misinterpreted this court's April 27, 2000 order. N.T. 9/1/2000, pp. 32-33.

Finally, defendant Temple also violated this court's September 1, 2000 order, which denied and overruled Temple's objections and directed Temple to file full and complete responses within 10 days. Although Temple did submit revised answers to the interrogatories and request for production, it continued to assert the same objections which were overruled by the September 1, 2000 order. Temple knowingly disobeyed the September 1, 2000 order, asserting objections and withholding discovery, allegedly on account of its pending September 20, 2000 motion for reconsideration. However, defendant Temple's filing of a motion for reconsideration in no way stayed this court's order. Temple was still obligated to file full and complete responses within 10 days, under threat of sanctions. Temple disobeyed the September 1, 2000 order, necessitating this court's January 9, 2001 imposition of sanctions.

Defendant Temple's contention that the information sought by plaintiff is privileged or otherwise not discoverable does not excuse Temple's failure to obey this court's orders and the Rules of Civil Procedure. As Pa.R.C.P. 4019(a)(2) directly states, "[a] failure to act described in subdivision (a)(1) may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has filed an appropriate objection or has applied for a protective order." Here, defendant Temple never filed its objections with this court

for disposition, and never applied for a protective order. Temple had numerous opportunities to properly assert its objections, but failed to do so. Initially, Temple should have served answers and/or objections to plaintiff's discovery request within 30 days. Temple should have sought a protective order, through which it could have properly asserted its claims of privilege. In the alternative, Temple could have filed its objections with this court, and forwarded them to the undersigned for disposition pursuant to Bucks R.C.P. *266. Instead, Temple did nothing until plaintiff filed a motion to compel, and obtained an order requiring a response from defendant. Even then Temple had the opportunity to file a motion for hearing and assert its objections, but did not do so. However, when Temple finally did respond to plaintiff's discovery requests, the responses were replete with objections. Defendant's response to plaintiff's request for production did not even remotely comply with Rule 4009.12(b). Only at the September 1, 2000 hearing on plaintiff's motion for sanctions did defense counsel offer to prepare an indexed list of documents not produced, and request an in-camera review of those documents. Defendant never made such a request until faced with potentially severe sanctions. Defendant Temple should have indexed its documents and requested in camera review at the outset if defense counsel thought the peer review privilege was implicated.

Rule 4019(c) provides that when there has been a violation which supports a sanction under subdivision (a) of that rule, a court may make:

"(4) an order imposing punishment for contempt, except that a party may not be punished for contempt for a

refusal to submit to a physical or mental examination under Rule 4010;

"(5) such order with regard to the failure to make discovery as is just."

An appropriate discovery sanction is determined by consideration of (1) the nature and severity of the violation; (2) the defaulting party's willfulness or bad faith; (3) prejudice to the opposing party; (4) the ability to cure the prejudice; and (5) the importance of the precluded evidence in light of the failure to comply. *Luszczynski v. Bradley,* 729 A.2d 83, 87 (Pa. Super. 1999), *withdrawn,* 559 Pa. 692, 739 A.2d 1058 (1999). Here, each of the above factors were addressed at length by counsel at the September 1, 2000 and January 5, 2001 hearings, and taken into account by the undersigned in fashioning the discovery sanction now appealed from. After weighing all of these factors, this court issued an order imposing punishment for contempt against defendant Temple, based on Temple's failure to comply with this court's September 1, 2000 order. An order imposing punishment for contempt is specifically permitted by Rule 4019(c)(4).

In imposing specific sanctions for failure to comply with discovery, a trial court is required to strike a balance between the procedural need to move the case to prompt disposition and the substantive rights of the parties. *Poulos v. PennDOT,* 133 Pa. Commw. 322, 325, 575 A.2d 967, 969 (1990). Furthermore, a discovery sanction must be proportionate to the sanctioned party's failure to comply with the discovery request. See *Baranowski v. American Multi-Cinema Inc.,* 455 Pa. Super. 356, 688 A.2d 207 (1997), *alloc. denied,* 550 Pa. 675, 704 A.2d 633 (1997). Here, the sanction employed by this court meets these requirements. Importantly, the decision

whether to sanction a party for discovery violations, and the severity of such a sanction, is vested in the sound discretion of the trial court. *Croydon Plastics Co. Inc. v. Lower Bucks Cooling & Heating,* 698 A.2d 625 (Pa. Super. 1997), *alloc. denied,* 553 Pa. 689, 717 A.2d 1028 (1998). Here, this court, applying the above principles, exercised its sound discretion to fashion the sanctions imposed by the January 9, 2001 order.