**Fratzola v. Klepadlo.**

534

*Wayne Gracey,* for plaintiff.
*Gary E. Hartman,* for defendant.

NEALON, *J.*, August 7, 2012—ORDER

Plaintiff Ryan Fratzola ("Fratzola") has appealed the special trial master's discovery order dated May 21, 2012 granting the defendants' motion for sanctions and ordering Fratzola to pay the $625.00 cancellation fee of Robert W. Mauthe, M.D. who was retained by the defendants to conduct a physical examination of Fratzola pursuant to Pa.R.C.P. 4010. The parties have filed their supporting and opposing memoranda of law, and following the completion of oral argument on July 23, 2012, Fratzola's appeal was submitted for a decision.

## FACTUAL BACKGROUND

On August 25, 2008, Fratzola was a passenger in an automobile that was operated by defendant Kristen Oakley ("Oakley") and which was involved in an accident with a motor vehicle driven by defendant Jamie Klepadlo ("Klepadlo"). At the time of the accident, Klepadlo and Oakley were both insured by State Farm Mutual automobile insurance company ("State Farm"). Fratzola commenced this personal injury suit against Klepadlo and Oakley on January 7, 2010 seeking to recover economic and noneconomic damages related to neck and back injuries that he allegedly sustained in the accident. (Docket entry no. 2).

At the direction of State Farm, counsel for Klepadlo scheduled a physical examination of Fratzola by Dr. Robert W. Mauthe, 4676 Route 309, Center Valley, Lehigh County, Pennsylvania on September 23, 2011.[1]

---

1. In *Kapp v. Oasis Enterprises. Inc.*, 83 Lacka. Jur. 190 (1982), former Lackawanna county (now senior U.S. district) judge James M. Munley held that a plaintiff could not be compelled to attend a rule 4010 examination in another county when similarly qualified expert witnesses

(Defendant's motion for sanctions, exhibit C). By letter dated August 12, 2011, Klepadlo's counsel advised Fratzola's attorney of the date and time of the examination by Dr. Mauthe and enclosed directions to Dr. Mauthe's office on Route 309 in Center Valley. (*Id.*, exhibit A). In his letter informing Fratzola of the scheduled examination, Fratzola's counsel inadvertently identified Dr. Mauthe's office address as 4676 Route 209 rather than 4676 Route 309. (Docket entry no. 29, exhibit E).

Upon arriving at 4676 Route 209 on September 23, 2011 and discovering that it was not the location of Dr. Mauthe's office, Fratzola contacted Dr. Mauthe's office in order to inform them that he was approximately twenty minutes away. (*Id.*, Exhibit K, ¶¶4-5). When Fratzola

---

were located in the forum county. *Id.*, at 192 ("With regard to the plaintiff Robin Kapp, we do think that there is merit in her objection to traveling 18 miles to Kingston, Pennsylvania to be examined by Dr. Sgarlat, an orthopedic surgeon, when the affidavits filed by the plaintiffs establish that there are eleven medical doctors in the city of Scranton who have this specialty....We order that the defendant select an orthopedic surgeon from the city of Scranton to physically examine the plaintiff Robin Kapp."). Compare, *Meeker v. Sarris*, 40 D. & C.2d 643, 644 (1966) ("We are of the opinion that there is nothing unreasonable in requiring plaintiff to travel some 20 miles to the city of Pittsburgh for the purpose of an examination."). There is no indication in the record submitted for review that Fratzola objected to an examination in Lehigh county, nor does the record reflect why State Farm selected Dr. Mauthe rather than a Lackawanna county physician. But see, *Johnson v. Duffy*, 2012 WL 620070, at * 2-3 (M.D. Pa. 2012) ("Defendant largely relies upon his expert, Dr. Robert Mauthe, to support his contention that there is no scientific evidence to show that post-traumatic fibromyalgia exists and that there is no science to show a causal link between trauma and whole body pain."); *Combs v. Barnhart*, 2005 WL 1995457, at * 2 (E.D.Pa. 2005) ("Dr. Robert Mauthe, M.D. opined that combs was capable of performing light or sedentary work, despite his reflect sympathetic dystrophy diagnosis."); *Sell v. UNUM Life Insurance Company of America*, 2002 WL 31630707, at * 2 (E.D. Pa, 2002) ("UNUM ordered an independent medical examination by Dr. Robert Mauthe" who "found that sell could perform sedentary to light duty work, despite a diagnosis of disc disease, depression, myofascial pain, and other conditions.").

advised Dr. Mauthe's staff that he would arrive at their office within twenty minutes, Dr. Mauthe's staff informed Fratzola that his examination was being cancelled. (*Id.*, ¶5). Dr. Mauthe subsequently charged State Farm a cancellation fee and State Farm has, in turn, demanded payment of that fee by Fratzola. (*Id.*, Exhibit F).

On March 30, 2012, defense counsel rescheduled the examination by Dr. Mauthe for April 30, 2012, but later postponed that examination to June 12, 2012.[2] (*Id.*, exhibits I, J). On May 21, 2012, Klepadlo and Oakley presented a motion for sanctions to the special trial master who ordered Fratzola "to pay a cancellation fee of six hundred twenty-five dollars ($625.00), to be divided equally between the defendants." (*Id.*, Nos. 24, 27). Fratzola filed the instant discovery appeal on May 25, 2012. (*Id.*, No.25). In the interim, Fratzola appeared for his rescheduled examination by Dr. Mauthe on June 12, 2012, but was advised by Dr. Mauthe's staff that his examination had been cancelled by State Farm. (*Id.*, no. 29, exhibit K, ¶6). At the time of oral argument on July 23, 2012, counsel for the parties confirmed that Fratzola's examination by Dr. Mauthe has been rescheduled yet again for September 10, 2012.

## DISCUSSION

Under Lacka, Co. R.C.P. 4000.1, all discovery motions

---

2. On February 21, 2012, Fratzola filed a certificate of readiness for a trial judge assignment and trial listing pursuant to local rule 214 which provides that "[n]o certificate of readiness may be filed until all discovery in the case has been completed and all depositions for use at trial have been scheduled or completed." Lacka. Co. R.C.P. 214(b). Following a status conference on March 15, 2012, judge Carmen D. Minora scheduled this matter for a jury trial on February 11, 2013. (Docket entry nos. 21, 23).

must initially be presented to and decided by the court-appointed special trial master whose ruling "may be appealed de novo" to the court of common pleas. Local rule 4019(a) similarly provides that "[a]ny party seeking sanctions pursuant to Pa.R.C.P. 4019 for violation of an order of the special trial master pursuant to Lacka. Co. R.C.P. 4000.1(a), of an order of the court pursuant to Lacka. Co. R.C.P. 4000.1(b), or otherwise pursuant to Pa.R.C.P. 4019 shall, in all circumstances, initially do so by motion to the special trial master pursuant to Lacka. Co. R.C.P. 4000.1." Lacka. Co. R.C.P. 4019(a). Not unlike local rule 4000.1(b), Lacka. Co. R.C.P. 4019(b) states that "[a]ny order of the special trial master granting or denying a sanction may be appealed de novo" to the court of common pleas. Under the de novo standard of review, our scope of judicial review is plenary, see, *Saylor v. Skutches*, 40 A.3d 135,139 (Pa. Super. 2012), rather than an "abuse of discretion" standard which requires "a showing of manifest unreasonableness, partiality, prejudice, bias, ill-will, or such lack of support in the law or record for the award to be clearly erroneous." *Samuel-Bassett v. Kia Motors America, Inc.*, 34 A.3d 1, 51 (Pa. 2011), cert. denied, 2012 WL 2368701 (U.S. 2012).

The "imposition of sanctions for a party's failure to comply with discovery is subject to the discretion of the trial court, as is the severity of the sanctions imposed." *Anthony Biddle Contractors, Inc. v. Preet Allied American Street, L.P.*, 28 A.3d 916, 926 (Pa. Super. 2011). The enforcement of our discovery rules "is governed by the facts and circumstances of each particular case," *City of Philadelphia v. Fraternal Order of Police Lodge No. 5*

*(Breary)*, 604 Pa. 267, 285, 985 A.2d 1259, 1270 (2009), and the discovery sanction must be commensurate with the culpable party's violation of the discovery rules. See, *Reilly v. Ernst & Young, LLP*, 929 A.2d 1193, 1200 (Pa. Super. 2007); *Baranowski v. American Multi-Cinema, Inc.*, 455 Pa. Super. 356, 358 n. 2, 688 A.2d 207, 208 n. 2, 455 Pa. Super. 356 (1997), app. denied, 550 Pa. 675, 704 A.2d 633 (1997). Pennsylvania jurisprudence governing discovery sanctions has recognized each of the following factors as a "necessary consideration," but not a "necessary prerequisite" when considering a request for sanctions based upon a discovery violation:

1. The nature and severity of the discovery violation;

2. The defaulting party's willfulness or bad faith in failing to comply with discovery;

3. The resulting prejudice to the other party;

4. The non-offending party's ability to cure any prejudice; and

5. The number of discovery violations by the non-complying party[3]

*Fraternal Order of Police Lodge No.5 (Breary)*, 604 Pa. at 286, 985 A.2d at 1270-71; *Anthony Biddle Contractors. Inc.*, supra.

---

3. In cases where evidence has been excluded as a discovery sanction, the courts have also weighed the importance of the precluded evidence and the extent to which waiver of the exclusionary sanction would disrupt the orderly and efficient trial of cases in the court. See, *Rohm and Haas. Co., v. Lin*, 992 A.2d 132, 142 (Pa. Super. 2010), reargument denied (May 7, 2010), cert. denied, 132 S.Ct. 852 (U.S. 2011); *Hodin v. Frekey*, 2011 WL 2552474, at *8 (Lacka, Co. 2011).

Application of the foregoing factors does not support the imposition of sanctions against Fratzola in connection with his scheduled examination under rule 4010. Fratzola did not act in bad faith by willfully refusing to attend a scheduled examination, and to the contrary, merely arrived at the wrong destination due to erroneous directions provided by his counsel. Fratzola offered to attend the scheduled examination, albeit twenty minutes late, but Dr. Mauthe declined to accommodate Fraztola and later demanded payment of a cancellation fee. State Farm arguably engaged in more egregious conduct by cancelling Fratzola's rescheduled examination and neglecting to advise him of that cancellation before he travelled to Center Valley on June 12, 2012.

The defense has not lost its opportunity to have Fratzola examined by Dr. Mauthe, and in fact has rescheduled his examination for September 10, 2012, more than five months prior to the scheduled jury trial on February 11, 2013. As a result, any ostensible prejudice to State Farm's insureds in their defense of this suit has been cured. The only detriment suffered by the defense has been economic in nature and State Farm has not demonstrated, nor even alleged, that its payment of the $625.00 cancellation fee will present a financial hardship to it. Cf., *Locker v. Henzes*, 2012 WL 485466, at * 4-5 (Lacka. Co. 2012) (denying defendants' request for plaintiff's payment of their counsel fees and travel expenses for videotape trial deposition in Texas and reasoning that "[t]he parties' relative financial conditions indicate that [plaintiff] lacks the means to pay defense counsel's requested costs, whereas [defendants' insurers] are fully

capable of paying those expenses if they wish to have Lackawanna County counsel cross-examine Dr. Greenway rather than Austin, Texas counsel.").

The defense does not contend that Fratzola committed any other discovery infractions except for his unintentional tardiness on the day of his scheduled examination. Based upon the lack of any willfulness or bad faith on the part of Fratzola, the absence of any incurable prejudice suffered by the defense, and the modest nature of Fratzola's sole and temporary non-compliance with discovery, the assessment of sanctions against Fratzola clearly is not warranted in this case. Consequently, Fratzola's de novo appeal will be granted and the defense request for sanctions will be denied.

And now, August 7, 2012, upon consideration of the de novo appeal of the special trial master's discovery order of May 21, 2012 granting the defendants' motion for sanctions, the exhibits and memoranda of law submitted by the parties, and the oral argument of counsel, and based upon the reasoning set forth above, it is hereby ordered and decreed that:

1. Plaintiff's de novo appeal of the special trial master's order of May 21, 2012 is granted pursuant to Lacka. Co. R.C.P. 4019(b); and

2. Defendants' motion for sanctions seeking an order directing plaintiff to pay the cancellation fee of Robert W. Mauthe, M.D. is denied.