**Venosh v. Henzes**

C. P. of Lackawanna County, No. 11 CV 3058

*Gary Solomon* and *Justin L. Groen*, for plaintiff.
*Eugene P. Feeney* and *Noah E. Katz*, for defendants Jack Henzes, M.D. and Scranton Orthopedic Specialists.
*James A. Doherty, Jr.*, for defendant Cindy S. Anderson.
*Timothy E. Foley*, for defendant Moses Taylor Hospital
*Paul K. Leary, Jr.* and *Matthew L. Bleich*, for records deponents.

NEALON, *J.*, Sept. 4, 2014—Blue Cross of Northeastern Pennsylvania ("Blue Cross") and First Priority Health ("First Priority") have filed an application seeking (1) to amend our discovery order of August 8, 2014, for an interlocutory appeal pursuant to 42 Pa.C.S. § 702(b) and Pa.R.A.P. 1311, and (2) to stay the enforcement of that order pending appeal. (Docket entry no. 99). By order dated August 19, 2014, plaintiff, Ann Marie Venosh ("Venosh"), was directed to file an answer to that application on or before September 2, 2014. (Docket entry

no. 100). Venosh filed a timely response on September 2, 2014, (Docket entry no. 104), such that the application is now ripe for disposition.

During pre-trial discovery in this medical malpractice action, Venosh served records subpoenas upon Blue Cross and First Priority seeking copies of the "quality of care" reviews and investigations that Blue Cross had conducted with regard to the medical treatment that the named defendants provided to Venosh. *Venosh v. Henzes*, 2014 WL 3886854, at *4 (Lacka. Co. 2014). Blue Cross objected to the production of those materials on the ground that they are protected from discovery by the Peer Review Protection Act ("PRPA"), 63 P.S. §§ 425.1 — 425.4. *Id.* at *4-5. By memorandum and order dated August 8, 2014, we held that the discovery protections afforded by the PRPA apply only to peer reviews which are initiated and completed by organizations or individuals that provide health care services, as opposed to those entities that sell health insurance. *Id.* at *8-9. Since Blue Cross is a "hospital plan corporation" that provides hospitalization and related health insurance benefits to plan subscribers for a fee, and is neither a direct health care practitioner nor the administrator or operator of a health care facility, we concluded that its "quality of care" reviews, including its external peer reviews by third party specialists, are not immune from discovery under the PRPA. *Id.* at *9.

On August 15, 2014, Blue Cross and First Priority filed a "notice of appeal" of our discovery ruling to the Superior Court of Pennsylvania. (Docket entry no. 97). Three days later, Blue Cross and First Priority also filed the instant application to "amend the order pursuant to 42 Pa.C.S.

§ 702(b) and Pa.R.A.P. 1311(b) to make it eligible for a permissive appeal," and to "stay the enforcement of the August 8, 2014 order pending appeal." (Docket entry no. 99 at pp. 4, 7). Blue Cross and First Priority note that the discoverability of their "quality of care" reviews presents an issue of first impression in Pennsylvania, and that the Pennsylvania Supreme Court decision referenced in our ruling, *McClellan v. Health Maintenance Organization of PA*, 546 Pa. 463, 686 A.2d 801 (1996), is a plurality opinion having no precedential value. (*Id.* at p. 5). Venosh counters that since "there is no law supporting the protection from discovery of the [quality of care] reviews, there cannot be a finding that there is 'substantial ground for difference of opinion' on the matter," as required by 42 Pa.C.S. § 702(b). (Docket entry no. 104 at pp. 7-8). Venosh further posits that "any appeal from the order regarding the discoverability of the [quality of care] review materials will have nothing whatsoever to do with the ultimate termination of this matter." (*Id.* at p. 8).

Pennsylvania Rule of Appellate Procedure No. 1311 governs permissive appeals of interlocutory orders containing the statement prescribed by 42 Pa.C.S. § 702(b), and requires the appellant to file an application, within thirty days after the entry of the interlocutory order, seeking to amend the order to include the required statement. *See* Pa.R.A.P. 1311(b). The language specified by Section 702(b) of the Judicial Code is "that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter." 42 Pa.C.S. § 702(b). Inclusion of the statement required by Section

702(b) does not entitle the appellant to file a notice of appeal, and instead merely serves as a condition precedent to the filing of a petition for permission to appeal pursuant to Pa.R.A.P. 1311. *See Com. v. Yingling*, 911 A.2d 572, 575 (Pa. Super. 2006); *In re Kelly*. 704 A.2d 172, 175 (Pa. Cmwlth. 1997).

In a prior discovery dispute in this case, we held that two incident reports that were prepared by defendant, Moses Taylor Hospital ("Moses Taylor"), were not protected from discovery by the PRPA, Section 311 of the Medical Care Availability and Reduction of Error ("MCare") Act, 40 P.S. § 1303.311, and Section 299b-22 of the federal Patient Safety Quality Improvement Act of 2005 ("PSQIA"), 42 U.S.C. § 299b-22. *See Venosh v. Henzes*, 38 Pa. D. & C. 5th 411 (Lacka. Co. 2013). Since no appellate court had addressed the discoverability of hospital incident reports under the MCare Act or the PSQIA, Moses Taylor filed an application for amendment of that discovery order to include the statement specified in 42 Pa.C.S. § 702(b) so that it could file a petition for permission to appeal pursuant to Pa.R.A.P. 1311. (Docket entry no. 55). At the time, although several parties and witnesses had been deposed, discovery was not completed, nor had "any expert witness reports been secured and produced." *Venosh v. Henzes*, 2013 WL 5701655, at *3 (Lacka. Co. 2013). After finding that the discovery ruling involved a controlling question of law as to which there was a substantial ground for difference of opinion and that an immediate appeal may materially advance the ultimate termination of this case, we granted Moses Taylor's application on October 18, 2013. *Id.* at *3. On November 13, 2013, Moses Taylor filed a petition for permission to appeal with the Superior Court

428

of Pennsylvania. (Docket entry no. 70). Less than eight months later, the Superior Court affirmed the discovery order compelling the production of Moses Taylor's incident reports. *See Venosh v. Henzes*, No. 1498 MDA 2013 at pp. 5-6 (Pa. Super. July 11, 2014).

To warrant the proffered amendment of our latest discovery ruling pursuant to Pa.R.A.P. 1311 and 42 Pa.C.S. § 702(b), Blue Cross and First Priority must establish that (a) the order involves a controlling question of law as to which there is substantial ground for difference of opinion, and (b) an immediate appeal may materially advance the ultimate termination of this matter. The absence of any decisional precedent addressing the issue(s) being raised on appeal may demonstrate the requisite "substantial ground for difference of opinion." *See Com. v. Tilley*, 566 Pa. 312, 317, 780 A.2d 649, 651 (2001) (holding "that the [trial] court abused its discretion in not certifying its discovery order for appeal," and stating that "as evidenced by the respective arguments of the parties and the lack of Pennsylvania case law on this issue, there is a substantial ground for a difference of opinion regarding this issue."). While it is true that the Supreme Court and Superior Court of Pennsylvania have considered the discoverability of peer reviews that are performed by IPA model HMOs, *see McClellan supra*, and *McClellan v. Health Maintenance Organization of PA.* 442 Pa. Super. 504, 660 A.2d 97 (1995), *aff'd*, 546 Pa. 463, 686 A.2d 801 (1996), no appellate court has directly addressed the applicability of the PRPA to peer reviews conducted by a hospital plan corporation such as Blue Cross. In light of the dearth of any appellate authority determining the discoverability of peer reviews initiated by hospital plan corporations,

Blue Cross and first priority have satisfied the "substantial ground for difference of opinion" criterion.

The parties' submissions reflect that an immediate appeal of our discovery order of August 8, 2014, may materially advance the ultimate conclusion of this case and resolve comparable discovery disputes in pending or future malpractice actions. The court record indicates that the parties have not requested or secured a scheduling order under Pa.R.C.P. 1042.41 or a case management order pursuant to Lacka. Co. R.C.P. 4000.2 setting deadlines for the completion of discovery and the production of expert reports. Venosh avers that discovery is ongoing, that the exchange of expert reports is anticipated "in the near future," and that "[t]here is no trial date" set in this matter. (Docket entry no. 104 at p. 8). The production of Blue Cross's "quality of care" review, including the statement that Blue Cross obtained from Dr. Henzes and which his counsel refused to permit him to discuss during his deposition, will warrant the re-deposition of Dr. Henzes on that matter. *See Venosh v. Henzes*, 2014 WL 3886854, at *3 n. 2 (Lacka. Co. 2014). Until all remaining discovery has been completed and the parties' expert reports have been exchanged, a Certificate of Readiness may not be filed under Lacka. Co. R.C.P. 214 so that this case may be assigned to a judge to schedule a date certain for trial. *See Fratzola v. Klepadlo*, 26 Pa. D. & C. 5th 533, 537 n. 2 (Lacka. Co. 2012).

In short, the trial of this case is at least nine months away, regardless of whether the pending application of Blue Cross and First Priority is granted. Blue Cross and first priority have not requested a stay of all proceedings

under 42 Pa.C.S. § 702(b), as a result of which the parties are free to conclude discovery, with the exception of the production of the "quality of care" review and Dr. Henzes' re-deposition, during the pendency of any appellate review of the discovery order of August 8, 2014. Assuming *arguendo* that the Superior Court of Pennsylvania addresses an appeal by Blue Cross and First Priority as expeditiously as it decided Moses Taylor's discovery appeal, the appeal of our latest discovery ruling will be decided well in advance of any anticipated trial date in this case. Consequently, an appeal of the order dated August 8, 2014, will not delay the ultimate disposition of this case.

Accordingly, the application of Blue Cross and First Priority to amend the order of August 8, 2014, pursuant to Pa. R.A.P. 1311 and 42 Pa. C.S. § 702(b) will be granted. Since the confidential nature of any allegedly privileged documents will be irreparably lost if the "quality of care" review materials are produced and the discovery ruling is later determined to be erroneous, *see Dodson v. DeLeo*, 872 A.2d 1237, 1241 (Pa. Super. 2005), the request to stay the enforcement of our discovery order pending appeal will likewise be granted.

And now, this 4th day of September, 2014, upon consideration of the "Application of Non-Parties Blue Cross of Northeastern Pennsylvania and First Priority Health to Stay the Enforcement of this Court's August 8, 2014 Interlocutory Order Pending Appeal, and to Amend the Order Pursuant to 42 Pa.C.S. § 702(b) and Pa.R.A.P. 1311" and the plaintiff's response thereto, and based upon the reasoning set forth above, it is hereby ordered and decreed that:

1. The "Application of Non-Parties Blue Cross of Northeastern Pennsylvania and First Priority Health to Stay the enforcement of this court's August 8, 2014 interlocutory order pending appeal, and to amend the order pursuant to 42 Pa.C.S. § 702(b) and Pa.R.A.P. 1311" is granted;

2. The order of August 8, 2014, is amended to include the statement specified in 42 Pa.C.S. § 702(b) that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order of August 8, 2014, may materially advance the ultimate termination of this matter; and

3. Enforcement of the order dated August 8, 2014, is stayed pending the conclusion of the appeal by Blue Cross of Northeastern Pennsylvania and First Priority Health.