J-A08020-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| CORINE LAPINSKAS, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| THE TRAVELERS HOME AND MARINE | : | |
| INSURANCE CO. AND BILLIG-HELMES | : | |
| INSURANCE ASSOCIATES, INC., | : | |
| | : | |
| Appellees | : | No. 1018 MDA 2014 |

Appeal from the Order Entered February 11, 2014,
in the Court of Common Pleas of Luzerne County,
Civil Division, at No(s): 10700 of 2012

BEFORE:   SHOGAN, WECHT, and STRASSBURGER,* JJ.

DISSENTING MEMORANDUM BY STRASSBURGER, J.:      **FILED JUNE 18, 2015**

I respectfully disagree with the Majority and would affirm the order of

the trial court, albeit on a different basis from the reason offered by the trial

court.[1]

Lapinskas timely filed an appeal from orders entered on February 11,

2014, in particular an order which denied Lapinskas' petition for allowance of

appeal *nunc pro tunc* from orders dated April 2, 2013 and August 5, 2013.

> Allowance of an appeal *nunc pro tunc* lies at the sound
> discretion of the Trial Judge. This Court will not reverse a trial
> court's denial of a motion for leave to appeal *nunc pro tunc*
> unless there is an abuse of discretion.  An abuse of discretion is
> not merely an error of judgment but is found where the law is

---

[1] "[W]e can affirm the trial court's decision on any valid basis, as long as the
court came to the correct result, which in this case was to deny [a]ppellant
relief." **Wilson v. Transp. Ins. Co.**, 889 A.2d 563, 577 n.4 (Pa. Super.
2005).

*Retired Senior Judge assigned to the Superior Court.

overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record.

*Fischer v. UPMC Nw.*, 34 A.3d 115, 120 (Pa. Super. 2011) (internal citations and quotations omitted).

Both orders are related to discovery matters. In the April 3, 2013 order, the trial court granted Travelers' motion to compel answers to interrogatories. The majority suggests that it is possible that Lapinskas may have made a claim of privilege, one of the very narrow exceptions whereby a motion to compel would be immediately appealable as collateral order. Majority, fn. 4. Thus, the majority remands to the trial court. However, Lapinskas makes no argument whatsoever or in any way suggests that she did not respond to these discovery requests based upon a claim of privilege. Rather, Lapinskas solely argues that she was not served properly with the motion. Lapinskas' Brief at 8. Thus, remand for this purpose is both improper and unnecessary.

Turning to the August 5, 2013 order, which sanctioned counsel for his failure to comply with the motion to compel, this order is also not appealable. It is well-settled that "[d]iscovery sanction orders are interlocutory and not appealable until final judgment in the underlying action." *Baranowski v. Am. Multi-Cinema, Inc.*, 688 A.2d 207, 209 n.1

(Pa. Super. 1997). Accordingly, the trial court properly denied Lapinskas the right to appeal from the August 5, 2013 order *nunc pro tunc*.

For these reasons, this Court should affirm the trial court's February 11, 2014 order.