J-A11035-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EAST END GUN CLUB OF SCHUYLKILL HAVEN, PA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| ANNE C. KOWALCZYK, SUSAN C. STRANG, CYRUS PALMER DOLBIN, ELLEN MARIE DOLBIN | : | No. 1458 MDA 2019 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered August 1, 2019
In the Court of Common Pleas of Schuylkill County Civil Division at
No(s):  S-2019-2015

BEFORE:   PANELLA, P.J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:              **FILED OCTOBER 05, 2020**

Appellant/Defendants, Anne C. Kowalczyk, Susan C. Strang, Cyrus Palmer Dolbin, and Ellen Marie Dolbin, appeal from the order entered in the Schuylkill County Court of Common Pleas granting as uncontested the Motion for Judgment on the Pleadings filed by Appellee/Plaintiff East End Gun Club of Schuylkill Haven, PA ("East End").  We vacate the order and remand.

On November 5, 2015, Appellee East End filed a complaint seeking to quiet title to a 150-acre tract of land it claims to own and possess in Wayne Township, Schuylkill County.  Complaint, ¶ 18.  Included in an exhibit to the Complaint is a copy of a February 11, 1963, Deed to the land conveying the 150 acre tract from Anthony Wallace, Leon W. Naus, George D. Naus and

_____

[*] Former Justice specially assigned to the Superior Court.

Maurice E. Umbenhaur, Trustees of and for the East End Gun Club ("Trustees"), to East End. The 1963 Deed incorporates by reference a 1930 deed that conveyed from Charles and Susan Strause to the Trustees a tract of only "100-acres, more or less." *See* East End's Complaint, Exhibit A.

According to the Complaint, Appellants are the purported fee owners of an adjoining tract of land described in a Deed dated November 13, 2014. The previous owners and Grantors under the 2014 Deed, James P. McGovern and Shana L. McGovern, had filed in 2009 a complaint in quiet title and ejectment against East End, alleging East End had incorrectly surveyed into its 1963 deed a 50-acre parcel which belonged to the 67.904 acre tract the McGoverns purchased in 2008.[1] The Court of Common Pleas of Schuylkill County, however, determined the McGoverns failed to carry their evidentiary burden of proving superior title to the disputed 50 acres. Complaint ¶¶ 21-32.

The McGoverns appealed, and this Court affirmed. In our decision, which East End has attached to the present Complaint at Exhibit C and on which it relies in part, we explained the McGoverns had the burden as plaintiffs in a quiet title and ejectment action to establish their right to immediate exclusive possession of the disputed 50 acre parcel based on the strength of their own title, not the weakness of East End's title. *McGovern v. East End*

---

[1] The terms of the agreement of sale required the McGoverns to secure a registered survey of their tract, hire an abstractor to establish chain of title, and file an action to quiet title. The registered survey of 67.904 acres diverged from the 83 acres indicated in the 1950 tax claim deed, *see infra*, and the 75.8 acres indicated in the tax assessment records.

*Gun Club of Schuylkill County, PA*, No. 1954 MDA 2013, 2014 WL 10588414 (Pa. Super. unpublished memorandum, filed Sept. 25, 2014 at *4). The McGoverns could not carry this burden, we held, because the source of their title, *to wit*, the 1950 tax claim deed, described an 83 acre tract of land but otherwise lacked sufficient legal description allowing for a survey to define exactly where the boundaries of the property lie. *McGovern*, at *3; Exhibit C.

With regard to whether East End's similarly flawed deed relieved the McGoverns of their burden of proof to any degree, we observed:

> The McGoverns . . . alleged that they held title by virtue of the deeds set forth in their chain of title, including the 1950 Tax Claim Bureau deed, and that [East End] had no basis to claim title because the disputed land is not included in any deed by East End.
>
> In its answer, East End admitted that it acquired title by way of recorded deed dated February 11, 1963. . . . In that deed, the Trustees of East End conveyed to themselves 50 more acres of land than was contained in the prior deed for the same land. . . .
>
> At trial, [McGoverns' expert] Manhart testified that at no time did he specifically identify the 83 acres referenced in the [1950] tax claim deed.
>
> Devon Henne, the expert testifying for East End, did not perform a field survey but, instead, examined the legal description of the property in order to identify the properties involved and to try to come up with some kind of definition of the property. It became apparent to Henne that the instant dispute was more of a title dispute than a boundary dispute. Henne determined that the disputed area, which was described in the Manhart survey, was patented to James Everhart on November 19, 1841. Henne asserted that the lack of an ability to trace title forward to East End and the Dolbins [Purchaser at 1950 tax sale; predecessor to McGoverns] creates, from Everhart, a cloud on the title for both parties in the disputed area.

. . .

[P]laintiff [McGoverns have] the burden of presenting definite and certain evidence of the boundary of the property in controversy. Where the plaintiff is unable to establish his boundary line by adequate legal proof, his action must fail and he is not entitled to relief. **Hallman v. Turns**, 482 A.2d 1284, 1288 (Pa.Super. 1984) (citing **Skillman v. Magill**, 98 Pa.Super. 72 (1930)).

The McGoverns, and to some extent Henne, the expert hired by East End, have cast doubt on the strength of the title held by East End. In their brief, the McGoverns relied on the perceived relative weakness of, and cloud on, East End's title to argue that the court should quiet title in their favor. However, unless and until the McGoverns have made a *prima facie* case by showing title sufficient upon which to base a right of recovery, the burden does not shift, and East End is not required to offer evidence of its title. If the McGoverns fail to establish proof of title with the required clarity, they cannot recover, no matter how defective East End's title may be.

**McGovern**, at *4.

On March 11, 2015, four months after acquiring the McGoverns' tract, Appellants filed with the Court of Common Pleas of Schuylkill County a quiet title and ejectment action in which they claimed superior title to East End over the same 50 acres that were in dispute in **McGovern**. Several months later, East End received a Change of Assessment Notice from the Schuylkill County Tax Assessment Office informing it of a reduction in its assessment given the reduction in the acreage of East End's property. East End deduced that Appellant's quiet title and ejectment action triggered the assessment reduction, prompting East End to contest the Board's decision. Upon the Board of Assessment Appeals' adverse decision upholding the change of

assessment, East End filed an assessment appeal to the Court of Common Pleas on October 7, 2015.

One month later, on November 5, 2015, East End filed the present action seeking to quiet title of Appellants with respect to the 50 acres in dispute. In response to East End's averment in Paragraph 18 of its Complaint stating it derives ownership of the disputed parcel from the February 11, 1963 Deed, Appellants filed a timely Answer with New Matter and Counterclaim, in which Paragraph 54 identified East End's ownership interest as deriving solely from the Strause 1930 deed, which conveyed to the East End Trustees one hundred acres, more or less. East End filed its Reply admitting that the Strause deed is within the chain of title but denying the implication that it owns less than the land it has occupied since 1930.

On November 17, 2015, the trial court granted East End's Petition to Intervene and added East End as a defendant in Appellants' Quiet Title action. The court thereafter consolidated Appellants' Quiet Title action, East End's Quiet Title action, and East End's Assessment Appeal.

On May 28, 2018, Appellants filed a Motion for Judgment on the Pleadings, with supporting brief, arguing that East End could not, by a conveyance to itself, acquire title to 150 acres of land when the previous deed conveyed only 100 acres, more or less. Appellants' brief in support cited authority for the proposition that the term of art "more or less" as used in this context has been recognized as an expression of intent to cover slight or unimportant inaccuracies, not a large variation measured in many acres.

On June 18, 2018, East End filed both its Reply to Appellant's Motion and its own Motion for Judgment on the Pleadings and brief in support. In its Motion, East End argued that Appellants' claims are barred under the doctrines of collateral estoppel and *res judicata*. Appellants filed no response to East End's Motion for Judgment on the Pleadings within 20 days after service.

On August 22, 2018, East End filed a motion for sanctions and a motion to treat East End's Motion for Judgment on the Pleadings as uncontested pursuant to Schuylkill County Rule 208.3(b), *infra*. The next day, on August 23, 2018, Appellants filed an answer to East End's Motion for Judgment on the Pleadings.

On August 28, 2018, the trial court entertained oral argument on the parties' motions for judgment on the pleadings. On July 30, 2019, the trial court entered its Order granting East End's Motion to treat its Motion for Judgment on the Pleadings as uncontested because of Appellants' failure to respond with 20 days. Accordingly, the court awarded the relief sought in East End's motion, which consisted of granting East End's Motion for Judgment on the Pleadings, quieting its title to the disputed 50 acre parcel, granting its Assessment Appeal, and dismissing with prejudice both Appellants' counterclaim and its separate action to Quiet Title. Appellants' timely appeal followed.

Appellants present the following questions for our consideration:

1. [Did] the trial court abuse its discretion in treating [East End's] motion for judgment on the pleadings as uncontested and entering judgment in favor of East End and against Appellants?

2. [Did] the trial court err in granting East End's motion for judgment on the pleadings?

Appellant's brief, at 3.

Our standard of review for the grant or denial of judgment on the pleadings is . . . well settled.

> The standard to be applied upon review of a motion for judgment on the pleadings accepts all well-pleaded allegations of the complaint as true. The question presented by the demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it.

*Tucker v. Philadelphia Daily News*, [ ] 848 A.2d 113, 131 ([Pa.] 2004) (citation and internal quotation marks omitted).

> Entry of judgment on the pleadings is permitted under Pa.R.[Civ.] P. 1034 which provides for such judgment after the pleadings are closed, but within such time as not to delay trial. A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law. In determining if there is a dispute as to facts, the court must confine its consideration to the pleadings and relevant documents. The scope of review on an appeal from the grant of judgment on the pleadings is plenary. We must determine if the action of the court below was based on clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury.

*Citicorp North America, Inc. v. Thornton*, 707 A.2d 536, 538 (Pa.Super. 1998) (citations omitted). Likewise,

> . . .

> This Court applies the same standard as the trial court and confines its consideration to the pleadings and

> documents properly attached thereto. We review to determine whether the trial court's action respecting the motion for judgment on the pleadings was based on a clear error of law or whether there were facts disclosed by the pleadings which should properly go to the jury. We will affirm the grant of judgment on the pleadings only if the moving party's right to succeed is certain and the case is so free from doubt that trial would clearly be a fruitless exercise.
>
> ***Municipality of Mt. Lebanon v. Reliance Ins. Co.***, 778 A.2d 1228, 1231 (Pa.Super. 2001) (citations and quotation marks omitted).

***Donaldson v. Davidson Bros., Inc.***, 144 A.3d 93, 100-101 (Pa.Super. 2016), *appeal denied*, 169 A.3d 11 (Pa. 2017).

In Appellants' first issue, they assert that the trial court abused its discretion in treating East End's Motion for Judgment on the Pleadings as uncontested where Appellants had filed, twenty days prior to East End's motion, its own Motion for Judgment on the Pleadings taking the opposite position espoused in East End's Motion, and where the parties presented oral argument on the motions prior to the court's order declaring East End's motion uncontested nearly one year later.

East End counters that the trial court properly treated its motion as uncontested pursuant to the Pennsylvania Rule of Civil Procedure 208.3(b), which provides:

> A court, by local rule, numbered Local Rule 208.3(b), may impose requirements with respect to motions listed in the rule for the filing of a response, a brief or both. Where a response is required, any party opposing a motion governed by Local Rule 208.3(b) shall file the response within twenty days after service of the motion, unless the time for filing the response is modified by court order or enlarged by local rule.

Pa.R.Civ.P. 208.3(b).

Pursuant to Rule 208.3(b), Schuylkill County promulgated Local Rules Sch.R.Civ.P. 208.3(b), which provides, *inter alia*, that a court may deem a motion uncontested in the absence of a timely response:

> Every motion not certified as uncontested shall be accompanied by a memorandum containing a concise statement of the legal contentions and authorities relied upon in support of the motion and an affidavit of service upon the party against whom relief is sought, or to his attorney. Any party opposing the motion shall file and serve such answer or other response that may be appropriate, a memorandum in opposition, and an affidavit of service upon the other party within twenty (20) days after service of the originating motion and supporting brief, unless the Pennsylvania Rules of Civil Procedure mandate a period of time different than twenty (20) days. In the absence of a timely response, the motion may be treated as uncontested. The Court may require or permit further briefing, if appropriate.

Sch.R.C.P 208.3(b). **See also** Sch.R.C.P. 1034(a) ("The answer and brief of any opposing party shall be filed within twenty (20) days from the date of service of the original motion").

It is undisputed that Appellants did not file a response to East End's Motion for Judgment on the Pleadings within twenty (20) days. East End maintains, therefore, that the trial court had absolute discretion to deem East End's motion uncontested by operation of law.

In support of its position, East End cites **Baranowski v. Am. Multi-Cinema, Inc.**, 688 A.2d 207 (Pa.Super. 1997). In **Baranowski**, the Appellee served interrogatories upon Appellant, who answered some by saying he would provide information when he received medical records and left others

unanswered where they requested answers only if a particular event had occurred, which in his case had not occurred. Appellee filed a motion to compel responses with the trial court, and Appellant responded neither to the Appellant's request nor the court's order compelling answers. When Appellee later filed a Motion for Sanctions, Appellant never put forth his position that the interrogatories had already been answered to the best of his ability. The court, therefore, granted Appellee's Motion for Sanctions. It was not until Appellant filed a Motion to Reconsider the sanction order that he advised the court of his position for the first time.

We affirmed the entry of a sanctions order under such circumstances where Appellant had failed to bring to the court's attention his position on the contested matter:

> Regardless of Appellant's conviction that he had completely answered Appellees' Supplemental Interrogatories, it was his responsibility to bring to the attention of the court the reasons for his responses, or the lack thereof, once Appellees called them into question. It is incumbent for counsel to focus the Judge's attention on the disputed questions and answers. Both the fact that routine discovery is not filed of record and the volume of contested discovery issues presented to a court, requires at a minimum, that counsel advance their views when motions for sanctions are presented. Appellant's failure to do so constitutes a waiver of his arguments, and justifies the entry of a sanction order.

*Id.*, 688 A.2d at 208–09.

We find ***Baranowski*** inapposite. Here, in contrast to Baranowski's failure to advance his position in response to multiple party motions and court orders in that case, Appellants apprised the court of their views on the issues

- 10 -

raised in East End's Motion for Judgment on the Pleadings in their own such Motion filed twenty days earlier.

Under the circumstances of this case, we consider Appellants' prior Motion for Judgment on the Pleadings contesting East End's title to the disputed 50 acres to have been the functional equivalent of a response to East End's motion for purposes of acquainting the court with the disputed pleadings. Critically, Appellants' Motion consisted of argument that would have simply been replicated in a response to East End's subsequent motion.

Moreover, the court opted to permit oral argument on the parties' opposing motions, presumably pursuant to the final sentence of Sch.R.Civ.P. 208.3(b), and thus was made fully aware of the parties' respective positions expressed in such motions. Nevertheless, the court then inexplicably allowed nearly one year to elapse prior to ending the litigation by entering its order granting East End's motion as uncontested.[2]

In light of such zealous advocacy in this latest installment of what has been a protracted history of highly contentious legal disputes over the 50 acre parcel in question (as recounted in East End's complaint and exhibits), and finding that Appellant's Motion for Judgment on the Pleadings already

---

[2] We note with displeasure the lower court's failure to discuss in its court-ordered Pa.R.A.P. 1925(a) opinion either the significance of having had the benefit of two timely-filed competing Motions for Judgment on the Pleadings filed by both parties or how highly contested this litigation was during pleadings and in oral argument on the parties' motions. Moreover, the lower court does not explain why it apparently accepted Appellants' belated motion, entertained oral argument on the competing motions, and only then, almost one year later, entered its order invoking Rule 208.3(b).

addressed the very matters subsequently raised in East End's own such motion, we conclude that neither the interests of justice nor the record supports the trial court's exercise of discretion in judging East End's motion as uncontested under Rule 208.3(b).

The same reasons informing our decision that the motion was contested also lead us to conclude that the court erred in entering its order granting East End's Motion for Judgment on the Pleadings, quieting East End's title over the 50 acres, striking Appellants' deed claiming title to the 50 acres, and dismissing Appellants' counterclaim and complaint, all of which appears on the face of the order to have been rooted solely in Appellants' failure to file a timely response to East End's Motion. In reaching this conclusion, we take guidance from the strict standard applicable to orders granting motions for judgments on the pleadings, which the law regards as a drastic measure appropriate "only if the moving party's right to succeed is certain and the case is so free from doubt that trial would clearly be a fruitless exercise." **_See Donaldson_**, 144 A.3d 100-101.

In our view, East End's right to succeed on its claim was not certain at the time of the court's order. Nor was Appellants' position taken against the complaint during pleadings so lacking as to allow a court to deem East End's complaint admitted and to grant East End's motion without findings as to the facts therein alleged. Critically, the record in this respect does not reflect a judicial determination by the trial court that East End established quiet title through its pleadings and exhibits.

- 12 -

Moreover, to the extent East End argues that our prior decision in *McGovern* precludes Appellants from claiming ownership to the 50 acres in question under the principle of *res judicata*, we observe that such a result, even if true, does not, alone, enable it to prevail on its complaint to quiet title. In *McGovern*, discussed *supra*, we clarified that the plaintiff in a quiet title action bears the burden to establish his right to the relief requested with proof of the strength of his own title, not the weakness of the defendant's title. Notably, *McGovern* made no determination on whether East End had superior title to the McGovern's title, now held by Appellants, but the decision acknowledged that both Appellants and East End's own expert, Devon Henne, declared East End's title was clouded. *Id.* at *4.

East End subsequently hired Henne to research East End's chain of title, and he prepared a survey and legal description of the property indicating it contains 150.402 acres. The record, however, does not establish that the court found East End produced sufficiently strong title to allow for the quieting of its title over the challenges Appellants raised in their pleadings and in their Motion for Judgment on the Pleadings, which were further advanced at oral argument. Instead, the court deemed East End's motion uncontested, and it accordingly entered the above-mentioned orders quieting East End's title. Because we find the court erred in determining Appellants failed to contest East End's motion, and there has been no judicial determination as to whether East End presented sufficiently strong evidence of title to overcome Appellants' contrary position, remand is necessary.

Based on the foregoing, we vacate the trial court's order in its entirety and remand for further proceedings consistent with this decision.

Order vacated. Case remanded. Jurisdiction relinquished.

Judge McLaughlin did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/05/2020